CRAIG, ASSIGNEE, VS. CHICOT COUNTY.

COUNTY SCRIP : *Reissue for lost or burned scrip :*

Under the statute (Gantt's Digest, Sec. 609) the County Court may issue new scrip for that which has been lost or burned; but in the settlements of accounts of collectors of public revenues, attempts to enforce their claims for scrip alleged to be burned, by way of set-off, ought not to be encouraged in the absence of statutes providing for it.

APPEAL from *Chicot* Circuit Court.

HON. T. F. SORRELLS, Circuit Judge.

*D. H. Reynolds*, for appellant.

If the scrip had not been burned Walker could have compelled its acceptance in payment; 12 *Ark.*, 721. If this be so, can a party recover on burned or lost scrip? If so, then the first and third instructions asked by appellant

should have been given.   It is true there is a provision for re-issuance; *Gantt's Digest, Sec.* 609, but the County should have given him credit for the amount he owed, and issued scrip for the excess.

The rule that a bonded officer must pay over, etc., and cannot give the loss as an excuse, has no application in this case.   It only applies to *money,* when a *loss* must fall on somebody, and should fall properly on him who had obligated to safely keep and pay over.   Here there was no loss except the *paper* on which the scrip was issued.   Scrip is a mere evidence of indebtedness, and the burning no more than the burning of a promissory note, etc.

*U. M. & G. B. Rose,* for appellee.

A collector gives bond to well and truly pay over all monies collected by virtue of his office; *Gantt's Digest, Sec.* 5155.   If he fails to do so, the condition of his bond is broken, and no excuse can be given.

A receiver of public money is an insurer, and is absolutely bound to turn it over on demand, etc; 3 *How.* 578; 11 *Ind.* 154; 28 *Ind.* 86; 1 *Denio* 233; 22 *Ind.* 125; *Cooley on Taxation, p.* 501.

The collector might have had the warrants re-issued, but cannot set up his private claims against the County, as an off-set to his liability.

There is no evidence as to the amount burned, and the case fails for want of testimony to support it.

ENGLISH, C. J.   In July, 1873, F. P. Walker, then late collector of taxes of Chicot county, and who was in arrear for taxes, etc., for the year's 1870 and 1871, presented to the Board of Supervisors a petition praying a credit for 1,222.85, for so much county scrip which he stated he had received as collector, from several persons in payment of taxes, and which had been burned in his store house at Lake Village in March, 1873, when the house was burned.   It

seems that the Board made an order allowing him a credit of $995.00, on account of burned script, but the order was not entered by the clerk ; and at a term of the County court held in November, 1874, the omission was curred by a *nunc pro tunc* entry.

At the January term, 1875, of the County Court, a statement of his accounts as collector was made of record, and the balance due from him to the county shown.

At the April term, 1875, he was allowed a credit for wood furnished the county ; and at the same term, he presented a petition suplemental to that filed before the Board of Supervisors in July, 1873, in which he stated on information and belief, that there had been burned in the store house, above referred to $1200 in Chicot County scrip belonging to Walker & Willing, a firm composed of himself and Thomas E. Willing ; and $900, in County scrip belonging to him individually ; and that nothing had been received in payment of the script so burned, and he prayed to be credited with the amount thereof.

This claim of a credit for County scrip belonging to Walker & Willing and to Walker individually, and alleged to have been burned, is the only matter in litigation on this appeal.

The claim was controverted by the county, rejected as a credit by the County Court, and on appeal to the Circuit Court, after several jury trials, finally disallowed there. Meanwhile Walker had become bankrupt, and his assignee, Craig, substituted. On the final trial there was evidence conducing to prove that when the store house of Walker & Willing, at Lake Village, was burned in March, 1873, there was in the store, and probably burned, county scrip belonging to the firm, and also scrip belonging to Walker individually, but the evidence was not accurate as to amounts, and the scrip was not identified with any certainty.

Craig, Assignee, v. Chicot County.

Appellant Craig, Walker's assignee, moved for three instructions to the jury, one of which was given, and the other two refused. Those refused follow :

"If the jury believe from the evidence, that there was any Chicot county scrip belonging to F. P. Walker individually, that was burned in the store house of Walker & Willing in 1873, then they will find for the plaintiff, for the amount so burned."

"If the jury believe from the evidence, that there was any Chicot County scrip belonging to Walker & Willing that was burned in their store house in 1873, then they will find for the plaintiff for the amount so burned."

On motion of appellee the court instructed the jury that: "The scrip belonging to Walker and to Walker & Willing, the jury will not consider in making up their verdict, as said Walker could not legally get credit for the same in his settlement."

Walker was allowed credit for all scrip proved to have been burned, which he had received as collector, from tax payers in payment of taxes, but had not paid over when the fire occurred.

Instead of paying over promptly, as he should have done, the balance found due from him, as collector, to the county, on account of public revenue, he sought by litigation protracted through years, to compel the county to allow him credit for scrip alleged to have been burned, which was the private property of himself, and of a firm in which he was a partner.

COUNTY SCRIP : Re-issue for lost or burned scrip. By an old statute, still in force, when any person shall produce proof, to the satisfaction of the County Court, that he has lost any County Warrant owned by him, and that the same has not been paid over on settlement with the county, it is made the duty of the court to order another warrant to

be issued to the owner, in lieu of the one lost. *Gantt's Dig.* *sec.* 609.

Scrip burned does not fall literally within this statute, but is within its spirit; and if not, the owner is not without common law remedy.

In the settlement of collectors of public revenues, attempts to enforce private claims, by way of set-off, are not to be encouraged, in the absence of statutes providing for it.

Affirmed.