TWERELL v. ASHLEY COUNTY.

Opinion delivered January 20, 1919.

1. LOST INSTRUMENTS — COUNTY WARRANTS — REISSUANCE.—Kirby's Digest, § 1465, providing for duplication of county warrants, should be liberally construed to allow an owner to apply through agent for reissue.

2. SAME—REISSUANCE OF COUNTY WARRANTS—PARTIES.—In a proceeding for reissuance of lost county warrants, petition *held* to show that proper parties were before the court.

Appeal from Ashley Circuit Court; *Turner Butler*, Judge; reversed.

*G. P. George* and *Buzbee, Pugh & Harrison,* for appellants.

1. The court misconceived the purpose and intent of the statute under which these proceedings were had. 25 Ark. 265. The statute is derogatory of the common law and must be construed strictly as against the county, and liberally in favor of the holders of the warrants. 65 Ark. 142; 51 Ark. 34.

While such statutes are mandatory in form, a substantial compliance with their terms is sufficient. 110 Ark. 222; 127 Ark. 498.

See Kirby's Dig., § § 1175 to 1179, for authority to call in, examine and reissue county warrants. For the duty of the county court in case of loss of warrants, see *Id.* § 1465.

2. Twerell was the proper party to file the petition; but, if not, the affidavits of Bower and Armstrong were legally sufficient to constitute petitions on the part of Otis & Company and the bank.

All county warrants are payable to bearer and are transferable by delivery, so as to authorize the holder to demand payment and to maintain an action thereon in his own name. 7 Ark. 214; 103 U. S. 74; 50 Ark. 169; 25 Mass. 73; 15 Enc. of Pl. & Pr. 524; 121 Ark. 514.

*Tom Compere,* for appellee.

1. Twerell was not the owner of the warrants, and was without authority to come into court under that claim and invoke the aid of the statute. Kirby's Dig., § 1465.

If Twerell ever had any interest in the warrants, it was a mere possessory right which ceased after eight days when he delivered them to the owners, Otis & Company. The trial court upon the evidence has adjudged that Twerell is not the owner of the warrants, and that finding is conclusive. 52 Ark. 433-435.

2. Otis & Company and First National Bank were not parties to the suit until March 18, 1918. The affidavits of Bower and Armstrong to Twerell's original petition, were intended merely as a compliance with the statute, Kirby's Dig., § 1465, requiring proof "to the satis-

faction of the court," that Twerell had lost the warrants *owned by him*, and did not have the effect of making Otis & Company and the bank parties to the proceeding as petitioners.

HUMPHREYS, J.   On the 15th day of August, 1916, sixty county warrants of Ashley County, Arkansas, numbered from 26 to 85, inclusive, for $500 each, and one county warrant numbered 86, for $431.63, totaling $30,-431.63, were issued by order of the county court in lieu of other warrants, to the Simmons National Bank of Pine Bluff, Arkansas, Trustee or Bearer.   These warrants were sold by Judge James Gould to Otis & Company, of Cleveland, Ohio, through their municipal bond buyer and office manager, A. J. Twerell.   On the 28th day of August, 1916, the warrants were delivered to Otis & Company by A. J. Twerell to be used by them as collateral for the purpose of securing a loan from the First National Bank of Cleveland, Ohio.   The warrants were deposited by Otis & Company with the First National Bank of Cleveland, Ohio, as collateral to secure a loan, and while there, were misplaced or lost and not again found until March 28, 1918, at which time, Wilbur L. Armstrong, loan teller of the First National Bank of Cleveland, found them behind a steel partition in the commercial security cage of said bank.   In the meantime, Ashley County, pursuant to law, ordered all outstanding warrants of said county, issued prior to that date, to be presented to the court on the 14th day of February, 1918, for cancellation and reissuance.   In response to the call, one of the appellants, A. J. Twerell, presented a petition to the court on February 11, 1918, describing the warrants aforesaid, alleging that he had deposited them with Otis & Company of the city of Cleveland, Ohio, for the purpose of using them as collateral; that Otis & Company deposited them with the First National Bank of Cleveland, Ohio, as collateral to secure a loan; and that while there they were lost and could not be found; that he was the owner of them and that they had not been paid over to the county on settlement with the county treasury, and requesting that new

warrants be issued to him in lieu of the lost warrants. This petition was supported by his own affidavit and that of Edward Bower, a partner in the firm of Otis & Company, and Wilbur L. Armstrong, loan teller of the First National Bank of Cleveland, Ohio. The petition, supported by the affidavits aforesaid, was presented to the court on the 14th day of February, 1918, whereupon the court declined to pass upon the petition, and ordered testimony in support thereof to be presented in deposition form, appointed Tom Compere as attorney to represent the county in the taking of the depositions and the hearing of said petition, continued the case and set the petition down for hearing on February 28, 1918, at ten o'clock in the forenoon. On February 28, 1918, the cause was continued until the regular April, 1918, term of court. On March 18, 1918, depositions in the case were filed, and, on the same date, petitions of Otis & Company and the First National Bank aforesaid were filed, alleging an interest in the warrants and asking to adopt the petition of A. J. Twerell and to be made parties to the suit. On the same date, the county filed separate answers to the separate petitions of A. J. Twerell, Otis & Company and the First National Bank of Cleveland, Ohio, denying the material allegations therein, objecting to the adoption of the petition of A. J. Twerell by Otis & Company and the said bank, objecting to either being made parties to the action of A. J. Twerell, and alleging that if they had any interest in the warrants they were then barred because they had not presented the warrants for cancellation on or before February 14, 1918.

On April 4, 1918, A. J. Twerell, Otis & Company and the First National Bank filed a joint amendment to their petitions stating that, since the filing thereof, the warrants had been found and submitted same for cancellation and reissuance.

On April 5, the court heard the petitions and denied them. An appeal was prosecuted to the circuit court and there tried by the court, sitting as a jury, upon the petitions, answers and evidence adduced. The cir-

cuit court found the law and facts as requested by appellee over the objection of appellants, and refused, over the objection of appellants, to declare the law and facts in accordance with their requests, and rendered judgment in favor of appellee, which, in its material parts, is as follows: "And the court being sufficiently advised in the premises doth find that at the time of the filing of said petitions and up to the 28th day of March, 1918, said warrants were lost; but that said petition of A. J. Twerell, filed on the 11th day of February, 1918, was not filed by the owner of said warrants and that the petitions of Otis & Company and the First National Bank of Cleveland, Ohio, were filed and said warrants were presented to the county court after the date upon which they were required to be presented for examination and reissuance, and for that reason were filed too late.

"It is therefore considered, ordered, and adjudged by the court that the petitions be denied and that the petitioners take nothing by their petitions, that the judgment of the Ashley County Court be to that extent affirmed, and that the defendant, Ashley County, go hence without day and have and recover of the plaintiffs all its costs herein expended."

Proper steps were taken and an appeal has been prosecuted to this court.

The court found that on the 11th day of February, 1918, on the date the Twerell petition was filed, and up to the 28th day of March, 1918, the warrants were lost. No appeal was taken by appellee from the findings and judgment, and this finding of fact is not questioned by appellants, so we deem it unnecessary to set out the evidence tending to show the loss of the warrants or to pass upon the sufficiency or insufficiency of the evidence in support of the finding of the court in that particular. Appellants do not contend that the warrants were found prior to the 28th day of March, 1918, or that they were submitted to the court for cancellation and reissuance prior to April 4, 1918, which was subsequent to the time

fixed by the court for warrants to be presented under the call aforesaid for cancellation and reissuance. Then the only question presented for determination by this court on appeal, as we understand it, is whether or not appellants brought themselves within the protection afforded by section 1465 of Kirby's Digest, which is as follows:

"When any person shall produce proof, to the satisfaction of the county court, that he has lost any county warrant owned by him, and that the same has not been paid over on settlement with the county treasury, it shall be the duty of said court to order another warrant to be issued to the owner in lieu of the one lost."

Appellee's contention is that, before lost county warrants can be replaced by new ones when the old ones have been called in by proper order of court for cancellation and reissuance, it is necessary for the real owner of the lost warrants to file a petition with the county court, setting up and proving the loss thereof and that they have not been paid to the county in settlement with the county treasurer. In other words, it is insisted that the section is not only mandatory but must be complied with to the letter in order to obtain its protection. In case of *Craig* v. *Chicot County,* 40 Ark. 233, this court, passing upon practically the same statute, held that scrip which had been burned would be treated as lost scrip. In other words, it gave the statute a liberal, and not a strict, construction. We think, under the statute, whatever the owner might do in person he may have done by another. It was shown by the petition and the three affidavits that the warrants were turned over by A. J. Twerell to Otis & Company for the purpose of using them as collateral in obtaining a loan from the First National Bank of Cleveland, and that the warrants were lost or misplaced by said First National Bank while in its actual custody. It is true the petition and the three affidavits represented A. J. Twerell to be the owner of the warrants. This showing was not perhaps accurate, as the legal title was in Otis & Company. The proof taken in deposition form showed that A. J. Twerell purchased the warrants from

Judge Gould on account of Otis & Company, and that, on the 28th day of August, 1916, he delivered the warrants to Otis & Company and that Otis & Company deposited them later with the First National Bank of Cleveland as collateral for a loan. One of the affidavits supporting the petition of A. J. Twerell was made by Edward Bower, who was a partner in the firm of Otis & Company. The other affidavit was made by Wilbur L. Armstrong, who was loan teller of the First National Bank of Cleveland. The evidence also disclosed that Otis & Company and the First National Bank of Cleveland had given A. J. Twerell full authority to file the petition for the reissuance of the lost warrants. It also showed that A. J. Twerell was at the time municipal bond buyer and office manager for Otis & Company. This would certainly preclude Otis & Company, who held the legal title to the warrants, subject to the equity of the First National Bank of Cleveland therein, as well as said First National Bank, from ever insisting upon the payment of the warrants by the county then in their possession or control. In other words, the granting of Twerell's petition and the reissuance of the warrants to him in his name would have been binding upon both Otis & Company and said First National Bank and would have barred them from ever prosecuting a suit for the collection of the old warrants. We think the parties interested in the warrants were before the court for all purposes in the application of A. J. Twerell and the affidavits filed in support thereof. The court therefore erred in refusing to find the facts and declare the law in accordance with the requests of appellants, and in finding the facts and declaring the law as requested by appellee.

For the error indicated, the judgment is reversed and the cause remanded with directions to proceed in accordance with this opinion.