## MISSOURI PAC. R. CO. v. GUILLORY.
### No. 3852.

Court of Civil Appeals of Texas. Texarkana.
May 6, 1930.

Rehearing Denied May 15, 1930.

relevant and immaterial." The objection was sustained and the witness was not permitted to answer (as he would had the objection been overruled), "Yes, sir, I heard them." The contention that the ruling of the court was error entitling it to a reversal of the judgment is overruled. We are inclined to think the action of the court was not erroneous (Boon v. Weathered, 23 Tex. 675; Houston & T. C. Ry. Co. v. White, 23 Tex. Civ. App. 280, 56 S. W. 204; Missouri, K. & T. Ry. Co. v. Williams, 63 Tex. Civ. App. 368, 133 S. W. 499; 1 Greenleaf on Evidence, 926); but, if it was, are satisfied the error should be treated as a harmless one. Rule 62a for the government of Courts of Civil Appeals.

The depositions of appellee's witnesses, Gaspard, Wheeler, and Boone were taken in Louisiana. The notary public who took same complied with the requirements of the statute (articles 3749 and 3751, Rev. St. 1925) in making return thereof to the clerk of the district court of Bowie county, Tex., where the suit was pending for trial. There appellant filed a motion to suppress the depositions on the ground that it did not appear from certificates of the notary public attached thereto that the witnesses, respectively, had signed and sworn to his answers before him. Pending action by the court on the motion, appellee applied for, and without notice to appellant obtained, an order of the court permitting him (appellee) to withdraw the depositions and "return them (quoting) to the officer before whom they were taken, who is authorized to make such certificate as will reflect the actual facts in connection with taking and returning said depositions." The depositions were then delivered by the clerk to N. L. Dalby, one of appellee's attorneys, who sent same, with a copy of the court's order, to the notary public in Louisiana, who returned them to said clerk after attaching to each of the depositions a certificate showing that before he took the answers of the witness he (the witness) "was duly sworn and that his answers to the questions were typewritten, subscribed and sworn to" by the witness before him (the notary); and showing further, that he (the notary) had "carefully (quoting) examined the entire deposition, including the answers of the witness to the direct and cross-interrogatories, and that the commmission, interrogatories and answers are in the same condition as when they were mailed by me to the clerk of the District Court at Boston, Texas, and have not been in any (way) changed or tampered with other than the attachment thereto of this certificate." When the depositions were offered by appellee as evidence appellant objected thereto because, it charged, "the provisions of the statute (quoting) in relation to depositions in the manner and form of their taking and return into court had not been complied with, and because the said depositions had been

Leake, Henry, Wozencraft & Frank, of Dallas, for appellant.

S. P. Jones and Franklin Jones, both of Marshall, and Keeney & Dalby, of Texarkana, for appellee.

WILLSON, J. (after stating the case as above).

On his direct examination appellant's witness Robert Hoy testified that in 1925 and 1926, when he was 15 or 16 years of age, he lived at Parkdale, Ark., and appellee lived on farms two or three miles from that town. Hoy testified further that he knew appellee's "general reputation for truth and veracity in that community in which he lived," and that it was bad. Answers he made to questions propounded to him on his cross-examination by appellee indicated Hoy was not acquainted with the people living in the community in which appellee lived. On his redirect examination Hoy was asked by appellant this question: "Did you or not hear people discussing his (plaintiff's) reputation for truth and veracity around there?" Appellee objected to the question "on the ground that the answer, if permitted in evidence, would be hearsay, ir-

withdrawn and returned to the notary for correction without any notice of the application for their withdrawal having been-given to the defendant, and because the court did not have authority to permit them to be withdrawn and returned for correctioh." The trial court overruled the objection and admitted the depositions as evidence in the case. At the hearing on appellant's motion for a new trial appellee's said attorney, N. L. Dalby, testified "that (quoting) he had read the testimony of each of the said witnesses as contained in the depositions before sending them to the notary public for him to correct his return by making a certificate in accordance with the order of the court, and that he had again read the depositions of each of the said witnesses after they were returned to the clerk in accordance with said order of the court, and that the answers of each witness were the same as when he sent them to the notary public for correction, and that they had not been changed or tampered with in any way, and that the captions and certificates as they originally appeared on the depositions before sending them to the notary for correction were the same and have not been in any way changed; the only change being by attaching the additional certificates to the depositions of the respective witnesses by the notary public in compliance with the order of the court." Appellant cites Galveston, H. & S. A. Ry. Co. v. Matula, 79 Tex. 577, 15 S. W. 573, and Creager v. Douglass, 77 Tex. 484, 14 S. W. 150, as cases supporting its contention that the court erred when he overruled its objection and admitted the depositions as evidence. But in neither of those cases did it affirmatively and conclusively appear, as it did in this one, that the questions when returned to the court and offered as evidence after they had been withdrawn were entirely unchanged from what they were when withdrawn, except as to the authenticating certificate of the officer who took them. In other words, it conclusively appeared that appellant suffered no injury because of the fact that, without notice to it, the depositions were sent by one of appellee's attorneys to the officer who took them, for correction of his certificate, when instead they should have been sent by the clerk to the officer after notice to appellant.

■ As shown in the statement above, the second one of the special issues submitted to the jury required them to find whether the injury to appellee was caused by McAllister's "negligently dropping or throwing" an end of the beam onto the bridge or not, and the third one of the issues required the jury to find whether such "negligent dropping or throwing" of the beam was a proximate cause of such injury or not. Appellant objected to each of the issues on the ground that it "stated (quoting) in the alternative and subject (submitted?) for the consideration of the jury two separate and distinct issues of fact in the same special issue," and insists here that the action of the court in overruling its objection and submitting the issues was error entitling it to a reversal of the judgment. The objection was on the theory, it seems, that the material part of the issue was as to whether McAllister dropped the end of the beam he was holding or threw it down. Whether he did either negligently was the material inquiry, we think, and it was of no importance whether it was the one or the other.

■ In his charge to the jury the court defined "contributory negligence" as "negligence on the part of the plaintiff which, contributing with the negligence on the part of the defendant, proximately contributes to cause the injury to the plaintiff," and by special issue 4 directed the jury to find if appellee was "guilty (quoting) of contributory negligence which contributed to produce his injury in the manner in which he handled or lifted the said beam." Appellant objected to the issue on the ground that the "importance of a finding of proximate cause in connection" therewith was unduly emphasized. It is obvious, we think, that the complaint based on the action of the court in overruling the objection is without merit.

■ On the ground that same was "immaterial and irrelevant," appellant objected to the sixth, seventh, and ninth special issues, which required the jury to find if appellant's claim agent at the time he made the settlement with appellee knew of representations made by doctors to appellee, and whether the agent himself then falsely represented to appellee that "he had not been seriously injured and in a short time would recover," and in several assignments of error complains because the court overruled its objection. The assignments are overruled.

■ Appellant requested the court to have the jury to find whether appellee was "physically competent to do the work for which he was employed," and if they found he was not then to find if the agents of appellant who employed him believed he was physically competent to do the work they employed him to do, and if they found appellee was not physically competent and found further that said agents knew he was not to find whether such incompetency was a proximate cause of the injury he suffered June 10, 1927. The court refused the request to submit such issues, and appellant has included in its brief assignments attacking the ruling as erroneous. The assignments are overruled.

■ Appellant requested the court to submit to the jury an issue as to whether the injury appellee received was the result of an accident or not, defining an accident as "an event or result not proximately caused by the negligence of any one," and complains be-

cause the court refused its request. As we view the record the only evidence of probative force as to the cause of the injury to appellee was his testimony as a witness that it was caused by the act of his foreman, McAllister, in dropping or throwing down the end of the beam he was lifting. Certainly that testimony did not warrant a finding that the injury was the result of an accident; and as certainly, we think, the testimony of McAllister denying that he either dropped or threw down his end of the beam did not warrant such a finding.

It is insisted that the finding that McAllister negligently dropped the end of the beam he was lifting or threw it down, and the finding that appellee did not represent to the agent of appellant who employed him that he (appellee) was then less than 45 years of age, were against the preponderance of the evidence. It is not claimed that the findings were not warranted by the testimony, if true, of appellee as a witness in his own behalf. The contention (in effect) is that it so conclusively appeared appellee's testimony was not true that the jury did not have a right to believe it to be true. We do not agree it so appeared, and overrule the contention, as we do also the contention that the judgment was for an excessive amount. If appellee was injured as seriously as the jury had a right to say he was from testimony before them, we do not think their finding as to the amount fairly necessary to compensate him for such injury should be set aside here.

Other contentions urged in appellant's brief are also overruled. None of them, as we view the record, presents a reason why the judgment should be set aside.

The judgment is affirmed.