## FIDELITY & CASUALTY CO. OF NEW YORK v. BRANTON.
### No. 2550.

Court of Civil Appeals of Texas. Beaumont.
April 18, 1934.

Rehearing Denied April 25, 1934.

Thompson, Knight, Baker & Harris, of Dallas, and Seale & Thompson, of Nacogdoches, for plaintiff in error.

Jones & Jones, of Marshall, and Adams & McAlister, of Nacogdoches, for defendant in error.

O'QUINN, Justice.

Defendant in error, Branton, was plaintiff in the trial court, and plaintiff in error was defendant. We shall refer to them as plaintiff and defendant.

Plaintiff brought this suit against the defendant to recover under the Workmen's Compensation Law of Texas (Vernon's Ann. Civ. St. art. 8306 et seq.). He alleged: That on September 19, 1931, he sustained serious personal injuries of a permanent nature, while in the course of his employment as an employee of the Welding Engineering Company of Martindale, Okl., in Nacogdoches county, Tex. That his said employer was a subscriber under the Workmen's Compensation Law of the state of Texas, and, as such, carried a policy of insurance with defendant, which was in full force and effect at the time of the alleged accident. That he was engaged in laying a joint of pipe in the construction of an oil pipe line, and that, in the operation of a boom and dragline in doing said work, he was struck in the vault of his head by certain calipers which were being used in moving the pipe. That he sustained a severe fracture to the vault of his head, was knocked unconscious and remained so for many hours. That he was confined to a hospital and was under the constant care of physicians and surgeons for many days. That, since the infliction of his injuries, he has suffered and still suffers severe headaches, nervousness, dizziness, and a weakening sensation in both legs and over his entire body. That he has been completely incapacitated to do any sort of manual labor and that his said condition is permanent. That he had not been employed in the same employment as he was engaged in at the time of the accident for substantially the whole of the year. That he received $6 per day, and that he was entitled to $20 per week compensation. That defendant had admitted liability and established the compensation rate to which plaintiff was entitled by paying him compensation at the rate of $20 per week for a period of approximately 25 weeks. That notice of his injury was given to the defendant and to the Industrial Accident Board within 30 days after the accident, and his claim for compensation was filed within 6 months. That the Industrial Accident Board had entered a final ruling and decision on his claim with which he was not satisfied, and that he had given proper notice of his dissatisfaction with said award, and of appeal from same, and that suit was brought in the district court of Nacogdoches county, Tex., within the time and manner provided by law. That he was entitled to receive compensation in a lump sum at the rate of $20 per week for 401 weeks. That he had contracted with S. P. Jones, an attorney of Tyler, Tex., to represent him, and had agreed to pay said attorney one-third of the amount recovered herein.

The defendant answered by general demurrer, general denial, and specially that it had paid to plaintiff, following the accident, compensation at the rate of $20 per week for a period of 25 weeks, or the sum of $500, and asked that said sum be offset against any recovery by plaintiff, and further specially denied that plaintiff was disabled after defendant stopped paying him compensation, and alleged that plaintiff had not been disabled within the meaning of the Compensation Law since the date of the discontinuance of payment of compensation, and certainly not permanently disabled from work, but, if disabled at all, only partially.

The case was submitted to a jury upon special issues in answer to which the jury found: (a) That the injury received by plaintiff resulted in total incapacity; (b) that such total incapacity was not permanent; (c) that plaintiff "has or will" be totally incapacitated for 300 weeks from September 19, 1931; (d) that the injury to plaintiff would result in partial incapacity; (e) that the percentage of partial incapacity was or would be 75 per cent.; (f) that such partial incapacity was permanent; and (g) that an injury received by plaintiff at or near Henderson, Tex., on or about October 15, 1932, did not contribute to the incapacity of plaintiff after that date.

Upon the answers of the jury, the court entered judgment in favor of plaintiff for the sum of $1,160, being for 58 weeks of compensation at $20 per week, due on the date of the judgment, April 19, 1933, with 6 per cent. interest thereon from the date each payment accrued, and for the further sum of $20 per week for the fixed and definite period of 218 weeks, the first of said payments to be made for the week ending April 22, 1933, each of said payments to bear 6 per cent. interest from the date it accrues until paid, and that following the period of total disability plaintiff should recover of defendant the further sum of $15 per week for the fixed and definite period of 100 weeks for partial disability, each payment to bear 6 per cent. interest from the date it becomes due until paid, and provided for execution to enforce such judgment.

Motion for a new trial was overruled, and the case is before us on appeal by writ of error.

There are sixty-six assignments of error, presented in various combinations, by twenty-

seven propositions. We shall discuss only the matters we think necessary to dispose of the material questions presented.

There is no assignment against any of the findings of the jury as to the sufficiency of the evidence to support them, so they stand without question.

Defendant's first seven propositions urge error (1) in the court's failure to define the word "injury" in his charge; (2) failure to submit an issue to the jury as to whether or not plaintiff received an injury as by him alleged; (3) failure to submit an issue as to whether or not plaintiff received an accidental personal injury in the course of his employment; (4) that the court erred in assuming that the district court of Nacogdoches county had jurisdiction to try the case, it not appearing without dispute that the accident complained of occurred in said county; (5) failure of the court to submit an issue as to whether or not plaintiff suffered incapacity resulting from the alleged accident; (6) failure of the court to submit issues for the finding of facts necessary to ascertain plaintiff's weekly wages as in contemplation of article 8306, R. S. 1925 as amended (Vernon's Ann. Civ. St. art. 8306); and (7) failure of the court to submit issues for the finding of facts to determine the basis for recovery of compensation for partial incapacity.

■■ These contentions are all overruled. It is without dispute that plaintiff, Branton, was, on September 19, 1931, an employee of the Welding Engineering Company, and that on said date said company carried compensation insurance covering its employees with the defendant Fidelity & Casualty Company of New York; that on said date, September 19, 1931, plaintiff while in the discharge of his duties to his master, while operating a caterpillar tractor laying an oil pipe line, was accidentally struck on the head by iron calipers, or pipe tongs, weighing some 150 to 200 pounds, knocking him unconscious and by reason of which he was treated by various doctors and was confined for a considerable time in two hospitals. He was dazed and suffered from severe headaches caused by said accident. His head was X-rayed by several physicians, and it was shown that he suffered concussion of the brain and there was a slight depression of the skull where he was struck by the calipers. He was given dehydrating treatments to combat the brain concussion. The blow caused scalp incisions; there being two scars about 1½ inches long at the time of the trial. As before stated, there is no assignment against any of the jury's find-

ings as to the result of the accident. It appearing without dispute that plaintiff was injured, it was not necessary to define the word "injury," or to submit an issue as to whether he received an injury, or as to whether he received an accidental injury in the course of his employment. It is well settled that undisputed facts should not be submitted to a jury for their finding. It is only where facts are in dispute that their submission to a jury is proper. Federal Surety Co. v. Smith (Tex. Com. App.) 41 S.W.(2d) 210; Berryman v. Norfleet (Tex. Civ. App.) 41 S.W.(2d) 722 (writ refused); Royalty Indemnity Co. v. Madrigal (Tex. Civ. App.) 14 S.W.(2d) 106; Texas Employers' Ins. Ass'n v. Russell (Tex. Civ. App.) 16 S.W.(2d) 321; Security Union Ins. Co. v. Hall (Tex. Civ. App.) 37 S.W.(2d) 811; Daniels v. Starnes (Tex. Civ. App.) 61 S.W.(2d) 548.

■■ The evidence showed without dispute that the accident occurred south of the city of Nacogdoches and north of the Angelina river, that is, between said river and said city. It is a matter of common knowledge, and we judicially know, that the city of Nacogdoches is the county seat of Nacogdoches county. Likewise that the Angelina river is south of said city of Nacogdoches and is the boundary line between the counties of Nacogdoches and Angelina. That being true, the accident occurred in Nacogdoches county, and such finding by the jury was not required. Authorities supra. Furthermore, Hon. A. A. Seale, an attorney of Nacogdoches, testified that the territory north of the Angelina river and south of the city of Nacogdoches is in Nacogdoches county.

It appears from the pleadings and the evidence that defendant admitted its liability to plaintiff and paid him compensation for incapacity resulting from the accident at the rate of $20 per week for 24 weeks. The question of plaintiff's having suffered incapacity was not in issue, that being admitted by defendant, the payments it made being for incapacity resulting from the injury flowing from the accident.

■■ The contentions that it was error not to submit issues for a finding as to what plaintiff's average weekly wages were, and for a finding upon which to base compensation for partial incapacity, are without force. Plaintiff's weekly compensation was not in question. Defendant admitted it to be $20 per week, and voluntarily paid that sum for 24 weeks. That was for total incapacity. The jury found in answer to issues Nos. 5 and 6 that plaintiff would suffer partial in-

capacity of 75 per cent. As plaintiff was entitled to $20 per week compensation for total incapacity, then for 75 per cent. partial incapacity he would be entitled to 75 per cent. of $20, or $15 per week. The facts upon which to base the rate of compensation being known, as admitted by defendant in its voluntary acknowledgment of liability and consequent payments for a time, it was. not necessary to submit these issues to the jury. Authorities supra. Defendant did not plead nor does it here contend that its acknowledgment of liability and paying compensation at the rate of $20 per week was induced by either mistake or fraud, but only insists that its said acts did not amount to an admission that plaintiff was entitled to compensation at the rate of $20 per week, and it was not bound by same. We hold against this contention. Texas Employers' Ins. Ass'n v. Beckworth (Tex. Civ. App.) 42 S.W.(2d) 827 (writ dismissed).

■■ Furthermore, plaintiff had not been employed in the same kind of work as he was engaged in at the time of his injury for as much as a year immediately preceding his injury, and made proof by M. R. Newton, an engineer for the Sun Pipeline Company, who in September, 1931, and for two years immediately preceding said date, had been employed by the Sun Pipeline Company and was familiar with such work, and who knew the rate of pay of employees doing such pipe line work in the vicinity and near thereto, and, although he had not worked in Nacogdoches county, he had worked in this kind of work in nearby territory, between Beaumont and Dallas and Houston. He testified that this kind of work, from its very nature could not exist for as much as a year in any one county, a crew of men ordinarily making between one and two miles a day, that such employees averaged a wage· of between $6 and $7 per day, some companies paying as much as $9 per day, and that such wages had existed for a year prior to September 19, 1931, the date of the accident. This testimony was admissible, and was not disputed, and established that plaintiff was entitled to compensation at the rate of $20 per week.

But defendant insists that the issues of whether plaintiff received an accidental injury in the course of his employment, and that he suffered incapacity from such injury, should have been submitted to the jury, and that it was reversible error not to do so, for in that plaintiff and his brother were the only witnesses to testify to the happening of the accident and the consequent injury to

plaintiff, and, both of these being interested witnesses, the jury did not have to believe them, that their testimony, though undisputed, did not conclusively establish such facts, and so the questions of accident and injury should have been submitted to the jury, and without such finding by the jury no valid judgment could be rendered for plaintiff.

■■ This contention is overruled. As a rule, if the testimony bearing upon an issue comes from an interested source, the issue should be submitted to the jury even though it be uncontradicted and controlling, if believed to be true. Walker v. Dawley (Tex. Civ. App.) 4 S.W.(2d) 159. Ordinarily it is improper for the court to assume the truthfulness of the unsupported testimony of an interested party, or to assume as a fact a matter which is proven only by such testimony. Brown v. McKinney (Tex. Civ. App.) 208 S. W. 565 (writ refused). But it is equally well established that this rule is not of such absolute and universal application as to require a reversal in all instances of its violation. Brown v. McKinney, supra. And the rule does not apply where the nature of the testimony is such that, if not true, it might readily be discredited, and the opposite party offers no disparaging proof whatever. Luling Oil & Gas Co. v. Edwards (Tex. Civ. App.) 32 S.W.(2d) 921, 926 (writ dismissed); Golden v. First State Bank (Tex. Civ. App.) 38 S. W.(2d) 628 (writ refused); Thomas & Co. v. Hawthorne (Tex. Civ. App.) 245 S. W. 966, 972 (writ refused). Many cases so holding could be cited. Furthermore, when plaintiff and his brother were testifying, defendant did not cross-examine them on the question of accident or of resulting injury, nor offer any one to dispute the happening of the accident, or that the wounds of plaintiff were received in any manner other than he testified. The existence of the head wound, the fact that plaintiff was treated in two hospitals for this wound, that he was abnormal mentally for a considerable time, his dazed and highly nervous condition after the accident, are all corroborating facts supporting his and his brother's testimony, and hence it cannot be said that their testimony was without support, but to the contrary had corroboration. Moreover, the testimony of plaintiff and his brother supporting his allegations of accident and injury is clear, direct, and positive, free from contradictions, inconsistencies, and circumstances tending to cast suspicion on same.

Defendant's ninth proposition is but a rep-

etition or summation of its first seven, urging the same questions, and what we have said disposes of same.

■ The tenth proposition asserts that the court erred in rendering judgment for plaintiff because there was a conflict in the findings of the jury, in that the jury found that plaintiff was totally disabled for 300 weeks, and also that he was partially disabled permanently, and that there was no finding that the partial disability existed after the expiration of the 300 weeks of total disability; in other words, that the jury found that the accident of September 19, 1931, caused 300 weeks of total disability and that the same accident caused permanent partial disability, and that these findings conflict because of which no judgment should have been entered, and certainly no judgment for both total and partial disability.

We think this contention is without merit. There is no conflict in the findings of the jury that plaintiff was totally disabled for 300 weeks, and that partial disability would result and be permanent. The insistence that there was no finding that the partial disability existed after the expiration of the 300 weeks of total disability is not sound. Having found that the plaintiff suffered total disability which was not permanent and was of 300 weeks' duration, the finding that plaintiff would suffer partial disability necessarily meant that such partial disability would follow after the total disability, because it would be impossible for plaintiff to be totally and partially disabled at the same time, and, as he was from the first, as recognized by defendant, totally disabled, the partial disability had to follow at the expiration of the total disability period.

■ The eleventh proposition is that the court erred in submitting special issue No. 5, which reads:

"Do you find from a preponderance of the evidence that the injury, if any, received by the plaintiff on September 19, 1931, resulted in or will result in partial incapacity to plaintiff?

"Answer 'yes' or 'no' as you find the facts to be."

—because (a) it presents two separate and distinct issues in the alternative, in that it asks the jury whether or not partial incapacity has resulted, and then whether or not it will result, both questions being presented in the alternative; (b) the burden of proof is not properly placed because the issue places too great a burden upon the defendant in that it requires it to establish the negative of the issue, if it prevail; (c) the issue assumes that an injury was received by plaintiff, and that he received some incapacity.

These criticisms of said issue are not sound. It did not submit two separate and distinct issues of fact. The material inquiry was whether partial disability resulted. Missouri Pac. Railway v. Guillory (Tex. Civ. App.) 28 S.W.(2d) 282, 285 (writ refused), certiorari denied 283 U. S. 849, 51 S. Ct. 495, 75 L. Ed. 1457; Davis v. Christensen (Tex. Civ. App.) 247 S. W. 303, 307 (writ refused); Houston, E. & W. T. Railway v. Hough (Tex. Civ. App.) 260 S. W. 233; San Antonio & A. P. Railway v. Stuart (Tex. Civ. App.) 178 S. W. 17, 22 (writ refused). Neither did it place the burden of proof upon the defendant to establish the negative of the affirmative issue. Nor did it assume that plaintiff received an injury, or that the injury, if received, resulted in incapacity. .

■ ■ By its twenty-third proposition, defendant says the court erred in submitting special issue No. 6, which reads:

"What do you find from a preponderance of the evidence is or will be the percentage of partial incapacity, if any, of the plaintiff, J. H. Branton?

"Answer by giving the percentage."
—because (a) said issue submits two separate and distinct questions in the alternative; (b) said issue is a comment upon the weight of the evidence; and (c) the issue is duplicitous, in that it submits two separate and distinct issues.

Special issue No. 6 is not subject to the objections leveled against it. It did not submit two distinct issues. The jury having found in answer to issue No. 5 that plaintiff would suffer partial incapacity, the only purpose of special issue No. 6 was to ascertain the extent of such incapacity. See authorities next above. Nor was it a comment upon the weight of the evidence. Neither is the objection that it erroneously submits two distinct questions in the alternative well taken. In the first place, it did not submit two distinct questions. Secondly, the case was tried some year and a half after the injury occurred. The questions of total and partial disability were raised by the pleadings and the evidence. The issues were shaped to present each of these phases of the case. The form of the issue complained of was proper to meet the pleadings and the proof, and is approved and suggested by Judge Speer in his admirable work on the Law of Special Issues in Texas. See page 789, § 604, suggested issue No. 5. The form of the issue

786

was not calculated to create any confusion in the minds of the jurors as to the fact sought to be found. A quite similar, if not identical, form of issue was approved in Missouri Pac. Railway v. Guillory (Tex. Civ. App.) 28 S.W. (2d) 282 (writ dismissed), certiorari denied by United States Supreme Court 283 U. S. 849, 51 S. Ct. 495, 75 L. Ed. 1457.

The twelfth and thirteenth propositions complain that the court failed to properly place the burden of proof as to special issues Nos. 1 and 5, in that the court charged the jury in said issues to find the facts inquired from a preponderance of the evidence, and then instructed the jury to answer said issues "Yes" or "No" as they found the facts to be. The insistence is that the form of the question and the direction as to how same should be answered was confusing and negatived the attempt to place the burden upon plaintiff because directing the jury to answer "Yes" or "No" as they found the facts to be, destroyed the force and effect of the attempted placing of the burden of proof. This contention is without merit. The form of the issues is in accordance with the suggestion by the Commission of Appeals, expressly approved by the Supreme Court, in the case of Federal Surety Co. v. Smith, 41 S.W.(2d) 210, 214. Directing the jury to answer the issues "Yes" or "No" as they found the facts to be did not destroy or impair the instruction to find the fact from a preponderance of the evidence. If the testimony did not preponderate in favor of an affirmative answer, a negative answer would follow as a necessary consequence. The jury were specifically required to find their answers to these issues "from a preponderance of the evidence," which placed the burden upon plaintiff, and was a sufficient compliance with the burden of proof rule. Fidelity Union Casualty Co. v. Martin (Tex. Civ. App.) 45 S.W.(2d) 682 (writ dismissed).

What we have said disposes of defendant's twenty-fourth and twenty-seventh propositions.

Special issue No. 9 reads:

"If you have answered Special Issue No. 1 'yes' and Special Issue No. 2 'no,' and/or Special Issue No. 5 'yes,' then answer this question:

"'Do you find from a preponderance of the evidence that the injuries, if any, sustained by plaintiff, J. H. Branton, at or near Henderson on or about October 15, 1932, contributed to the incapacity of said J. H. Branton, if any you have found, existing after said date?'

"Answer 'yes' or 'no' as you find the facts to be."

Defendant's fourteenth proposition challenges this charge as error because, it says, said issue should have been submitted without reference to any other special issues, and it was error to make the answering of said issue dependent upon the answer to some other issue; that the issue as submitted was confusing, and, in effect, "advises the jury the effect of their answers to the questions."

We overrule this contention. In answer to special issue No. 1, the jury found that plaintiff had suffered total incapacity; and in answer to special issue No. 2 that the total incapacity was not permanent; and in answer to special issue No. 5 that plaintiff would suffer partial incapacity. It appeared that plaintiff, on or about October 15, 1932, which was more than a year after he was injured by the accident here in question, was in an automobile collision, and it was contended by defendant that, if plaintiff was partially incapacitated or would be, it was the consequence of the automobile accident. Special issue No. 9 was in response to this matter of defense pleaded and urged by defendant. In view of the findings in answer to issues Nos. 1, 2, and 5, mentioned supra, this issue was proper and was correctly submitted.

Numerous other propositions asserting error are presented, but we do not deem it necessary to discuss them. They have all been considered, and it is thought that none of them show error, and are accordingly overruled. The judgment should be affirmed, and it is so ordered.

Affirmed.