## UNITED EMPLOYERS CASUALTY CO. v. KNIGHT.

### No. 3617.

Court of Civil Appeals of Texas. Beaumont.

March 7, 1940.

Rehearing Denied April 3, 1940.

Henry D. Akin and Will R. Saunders, both of Dallas, for plaintiff in error.

Collins, Pate, Hatchell & Garrison, of Lufkin, for defendant in error.

O'QUINN, Justice.

We shall refer to the parties as appellant and appellee.

This is a workmen's compensation case. A. R. Starling, as next friend of Robert L. Knight, filed this suit in the district court of Angelina County, Texas, against appellant to set aside an award of the Industrial Accident Board of the State of Texas, and to recover compensation. Pending the trial of the case, appellee became of age, and was granted permission to prosecute the suit in his own name. Appellant answered by general demurrer and general denial.

The case was tried to a jury upon special issues upon their answers to which judgment was rendered in favor of appellee setting aside the award of the Board, and granting compensation for 100 weeks at the rate of $12 per week. Motion for a new trial setting up 61 assignments of error was overruled, and the case is before us on writ of error.

Appellant's brief contains 25 assignments of error upon which are presented 14 propositions.

The first proposition complains of the improper submission of special issue 12. It reads: "Do you find from a preponderance of the evidence that plaintiff's partial loss of the sight of his right eye, if any, has not been and will not be only temporary"? Appellant objected to this issue that it was multifarious and duplicitous in that it first inquired "concerning temporary partial loss in the past and then in the same issue makes inquiry of temporary partial loss in the future and requests the jury to answer" yes or no to two different questions which should have been submitted separately. As supporting its assignment it cites Traders & General Ins. Co. v. Shelton, Tex.Civ.App., 130 S.W.2d 903, as being directly in point. In the cited case, the issue read:

"Has or will plaintiff, A. B. Shelton, suffer any partial incapacity to labor as a result of the injuries, if any sustained on November 17, 1936? Answer 'Yes' or 'No.'

"If you find from a preponderance of the evidence that he has not or will not suffer any partial incapacity, let your answer be 'No,' otherwise you will answer 'Yes.' "

This issue was objected to on the grounds that it was "misleading and duplicitous". The appellate court held that the issue was subject to the objection, but as we read the decision it was because of the instruction how to answer following the issue. The instant issue is not framed as in the Shelton case; the word "and" being used instead of "or" in the issue, and the instant issue is not followed by the instruction how to answer as in the cited case. We do not believe the issue is subject to the objection that it is multifarious. The material inquiry was whether the partial loss of vision was temporary. Our holding is supported by Traders & General Ins. Co. v. Patterson, Tex.Civ.App., 123 S.W.2d 766, par. 11, writ dismissed; Fidelity & Casualty Co. v. Branton, Tex.Civ.App., 70 S.W.2d 780, par. 13, writ dismissed; Missouri Pac. R. Co. v. Guillory, Tex.Civ.App., 28 S.W. 2d 282, writ refused, certiorari denied, 283 U.S. 849, 51 S.Ct. 495, 75 L.Ed. 1457; Traders & General Ins. Co. v. Baker, Tex. Civ.App., 111 S.W.2d 837, 841, writ dismissed. The use of the word "only" in the issue did not make the submission conditional.

What we have said disposes of the second and third propositions.

The court submitted special issue No. 9, which reads: "Do you find from a preponderance of the evidence that Robert L. Knight has sustained a partial loss of the sight of his right eye as a direct and natural result of said injury, if any"? This was answered "Yes". The court then further charged:

"If you have answered special issue No. 9 'Yes' but in such event only you will answer:

"Special Issue No. 14: What percentage of loss of the sight of his right eye, if any, do you find from a preponderance of the evidence Robert L. Knight has sustained"?

The jury answered "80%". To this issue appellant objected (a) that the issue was "too restrictive and does not comprehensively and adequately present the defendant's theory of the case to the effect that if the plaintiff sustained any partial loss of sight at all he has sustained such loss in a varying degree, that is, that there has been a series of percentages which have decreased from the date of December, 1938, until the present time, and said issue permits the jury to answer a certain percentage of loss on any arbitrary date the jury may see fit"; (b) that the issue was improper and prejudiced the rights of the defendant in that, as worded, it permitted the jury to answer a percentage of loss on any arbitrary date, and which under the charge would be constant and not varying, whereas under the evidence plaintiff may have been suffering a certain percentage one day, and less on another, and so not proper, and the issue was also objectionable because it did not permit the jury to take into consideration any improvement of plaintiff's condition in the future, and so imposed upon the defendant a greater burden than the law required. The contention is not sound. The issue was not subject to the objections urged against it. There was no suggestion as to the form the inquiry should take to meet the suggestion of sliding incapacity. We fail to find anything helpful in the criticism offered. Ohio Casualty Ins. Co. v. Stewart, Tex.Civ.App., 76 S.W.2d 873; Wichita Valley Ry. Co. v. Minor, Tex.Civ.App., 100 S.W.2d 1071; Southern Underwriters v. Kelly, Tex.Civ. App., 110 S.W.2d 153. Also, in appellant's objection to said issue, it complained that the court had not submitted to the jury its theory of the case and moved the court to prepare and submit to the jury an issue "concerning the different degree of percentage of partial incapacity from time to time in the past, future," etc., but did not prepare an issue submitting this question and request its submission. Where the court fails to charge upon any particular phase of the case deemed necessary, in order to complain of this omission the party complaining must prepare an issue covering the matter and submit it to the court with a request for its submission. Gulf, C. & S. F. Railway v. Conley, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183; Harris v. Leslie, 128 Tex. 81, 96 S.W.2d 276; Texas & N. O. Railway v. Crow, 132 Tex. 465, 123 S.W.2d 649.

What we have said disposes of appellant's Fifth proposition. Furthermore, the matter complained by the fifth proposition was not raised by the evidence.

Appellant's sixth to thirteenth propositions, inclusive, presented grouped, complain that the court erred (a) in admitting evidence over its objection as to expected increases in the wages of appellee after September 29, 1938 (the date of his injury), for the reason that such evidence could not have any bearing on the issue of wage rate; (b) that the court erred in his

charge immediately following special issue No. 19, which inquired what an average weekly wage rate just and fair to both parties would represent appellee's weekly wage, and further instructed the jury that in arriving at their answer the jury could consider any increase in appellee's wages which he might reasonably expect, if any, under normal conditions, because such instruction amounted to a general charge, and was prejudicial to appellant; (c) that issue 19 did not confine the jury to considering the wage appellee had received during the year immediately preceding the date of the injury; (d) that issue 19, and the instruction therewith that the jury in finding the average weekly wage of appellee could consider any increase, if any, in his wages he had reason to expect under normal circumstances, was error because it did not confine the jury to the period of time between the accident and appellee's reaching his majority for in that expectation of increase of wages should not be considered for the time after appellee reached his majority; (e) that such charge was error and not applicable under the facts because appellee had received a specific injury and had continued to perform the same kind of work as before the injury without loss of time; (f) that in connection with issue 19 it was error to charge the jury in answering the question they could consider any expected wage increase for appellee by pleading and proof had brought himself under the provisions of subdivision I of the wage rate statute (Article 8309, § 1—Average weekly wages), and so could not avail himself of the provisions of subdivision 3 of said statute; and (g) that the judgment of the court 'allowing appellee compensation at the rate of $12 per week was error (a) because in response to special issue 19, the jury found that an average wage for appellee, taking into consideration any increase of wages which he might reasonably expect, would be just and fair to both parties; and (b) because the jury in answer to special issues 15 and 16, had found that appellee had worked for substantially the whole of the year immediately preceding the injury in the employment in which he was engaged at the time he received his injury, and that during that time he received the sum of $2 per day for his services, thereby finding and fixing his wage rate under subsection I of Article 8309, R. S.1925, the judgment not conforming to the verdict of the jury; and (c) because the judgment was excessive; and (d) because the injury received was a specific injury and hence no increase of wages were lost and could not be considered.

It is seen that these assignments relate to various different matters and under the rules are improperly grouped for consideration. However we have considered them. We do not believe the special issues submitted, and here complained against, were subject to the objections urged. They were in accordance with the pleadings and were raised by the evidence. As the jury found that appellee had worked for the same employer for substantially the whole of the year immediately preceding his injury, during which time he received $2 per day for his services, we take it that the gist of appellant's assignments is that, though appellee was a minor at the time he received his injury, still the jury should not have been authorized to consider any increase in his wages that he might have reasonably expected to receive in arriving at his average weekly wage. We think the contention is without merit. Article 8306, Section 12i, provides: "If it be established that the injured employé was a minor when injured and that under normal condition his wages would be expected to increase, that fact may be considered in arriving at his average weekly wages and compensation may be fixed accordingly".

The evidence disclosed that appellee was a minor at the time he received his injury, and at the time this suit was filed by next friend. He attained his majority while the suit was pending, and was permitted to prosecute the suit in his own name, but this did not affect his right to assert his expected increase in his wages. The evidence supported his expectation of an increase in his daily wage. Appellee has worked as an apprentice at the tinner's and welder's trade for nearly three years—he would have soon completed that work and would then have received a master's pay which was between three and four times the amount he received at the time of his injury. He had received two increases in pay during prior work. Associated Indemnity Corp. v. Wilson, Tex.Civ.App., 21 S. W.2d 314, writ refused; Georgia Casualty Company v. Darnell, Tex.Civ.App., 243 S. W. 579. As was held in the Wilson case, supra, the fact that appellee was entitled to have the jury consider his reasonable expectancy of increased wages, furnished

good and sufficient reason for it being impractical to find his average wage under sections 1 or 2 of the statute, thus rendering special issues 15, inquiring whether appellee worked at the employment in which he was working at the time he received his injury for substantially the whole of the year immediately preceding such injury, and special issue 16, inquiring the daily wage appellee actually received during the year immediately preceding his injury and the answers to such issues, immaterial, as the average weekly wage should be determined, as it was, under subdivision 3 of the statute.

We overrule appellant's fourteenth proposition asserting error in the judgment because it allowed compensation for one hundred weeks for partial loss of the sight of the right eye, beginning December 18, 1938, when the alleged injury occurred September 29, 1938, wherefore the weeks intervening the date of injury and the commencement of incapacity, the compensation should be deducted from the one hundred weeks. Texas Employers' Ins. Ass'n v. Guidry, 128 Tex. 433, 99 S.W.2d 900; Jones v. Texas Employers' Ins. Ass'n, 128 Tex. 437, 99 S.W.2d 903; Texas Employers' Ins. Ass'n v. White, Tex. Com.App., 99 S.W.2d 904; and Indemnity Ins. Co. of North America v. Williams, 129 Tex. 51, 99 S.W.2d 905, are cited as controlling the question. We do not believe these decisions have application to the instant case. There the actions were based upon Sec. 10 of Article 8306, R.S. 1925, which specifically provides that the weekly compensation shall not exceed the number of weeks allowed from the date of the injury. In other words the statute itself provides when the time of compensation shall begin and that is the date of the injury. The claim for compensation in the instant case is for a specific injury, namely damage for loss of the sight of the right eye. This falls under Sec. 12 of Article 8306, which does not provide that the compensation allowed shall begin or date from the date of the injury. The compensation is granted for the period of one hundred weeks. The statute, Sec. 12, provides that the injured employee shall receive, in lieu of all other compensation, as elsewhere provided, a weekly compensation for the specific injuries enumerated, in this instance compensation for one hundred weeks. It is believed that this makes the compensation in the nature of a liquidated

demand entitling the claimant to his full compensation.

No reversible error being shown, the judgment should be affirmed, and it is so ordered.

Affirmed.