## BURFORD OIL CO. v. JEFFERIES.
### No. 1081.

Court of Civil Appeals of Texas. Eastland.

March 10, 1933.

Rehearing Denied April 21, 1933.

Phillips, Trammell, Chizum, Price & Estes, of Fort Worth, for appellant.

Scarborough, Ely & King, of Abilene, for appellee.

LESLIE, Justice.

D. H. Jefferies sued the Burford Oil Company, a corporation, and J. P. Bohannon in the district court of Taylor county. The Burford Oil Company filed its plea of privilege to be sued in Dallas county. Jefferies controverted the plea and seeks to maintain the venue in Taylor county. The plea of privilege was overruled and the Burford Oil Company appeals.

The appellant's first contention is that the appellee having sued a nonresident for breach of a contract, the burden was on him, after appellant's plea of privilege was filed, to prove the execution of the contract by the appellant, or its authorized agent, and that he failed to do so.

The controverting affidavit proceeds upon the theory that the oil company appointed J.

P. Bohannon its agent in Taylor county, Tex., and contracted with him to sell its gasoline in Taylor and adjoining counties; that said agent, acting under and by virtue of his contract with the defendant, contracted and agreed to sell to appellee the necessary gasoline for his needs in said territory; that Jefferies agreed to buy from Bohannon such gasoline, which was to be delivered by Bohannon to Jefferies at the tanks and warehouse of said Bohannon in Taylor county; that the defendant Burford Oil Company accepted and approved and ratified the agreement between its agent Bohannon and said Jefferies; that as a result of said contract between Jefferies and Bohannon, which was ratified and approved by the Burford Oil Company, the plaintiff Jefferies undertook to furnish gasoline to his customers in said territory and bought from said Bohannon a part of the said gasoline on the contract; and that without any excuse or reason the defendant breached and terminated and undertook to cancel said contract between Bohannon and the plaintiff. That such breach occurred in Taylor county, and the cause of action arose therein.

■From the foregoing it is obvious that Jefferies' suit is on the contract entered into between Bohannon, the alleged agent of appellant and himself, and it seeks to hold the oil company liable on the contract because Bohannon was acting as the agent of the appellant, and for the further reason that said contract was directly ratified and confirmed by the Burford Oil Company.

We have carefully considered the contract entered into between J. P. Bohannon and the Burford Oil Company, of date February 4, 1929. Among other things it provided: "That in consideration of the advantages and benefits to the buyer (Bohannon) it having a fixed and reliable source of supply of gasoline and other advantages, and the advantages and benefits to seller (Burford Oil Company) in having a fixed and known outlet for its products, and in further consideration of the mutual agreements herein contained, buyer, during the term of five years from date hereof, agrees to buy from seller, and seller agrees to sell to buyer, on the terms and conditions hereinafter stated." The contract throughout is an undertaking by which the company was to sell to Bohannon gasoline, for which he was to pay a fixed price, and there is nothing in the contract or in the testimony generally which made Bohannon the agent of the oil company. It was a sales contract and nothing more. It did not create an agency and was in law identical in effect with such contracts as have been construed in the following cases: American Brewing Ass'n v. Woods (Tex. Com. App.) 215 S. W. 448; Texas Farm Bureau Cotton Ass'n v. Stovall, 113 Tex. 273, 253 S. W. 1101; Fuqua v. Pabst Brewing Co., 90 Tex. 298, 38 S. W. 29, 750, 35 L. R. A. 241; Texas & Pacific Coal Co. v. Lawson, 89 Tex. 394, 32 S. W. 871, 34 S. W. 919.

■ Further, and of controlling importance, the letter from the Burford Oil Company, alleged to be a ratification or confirmation of the Bohannon-Jefferies contract, in no way makes the oil company a party to that contract. It reads as follows:

"Referring to our contract with Mr. J. P. Bohannon, Abilene, Texas, dated February 4th, 1929, this will serve to confirm our conversation of this date and interpret the original contract to the effect that we will protect Mr. D. H. Jefferies of Abilene, Texas, under the terms of the contract with Mr. Bohannon.

"In the event Mr. Bohannon is unable to make deliveries to D. H. Jefferies, then we will protect D. H. Jefferies under the terms of the original contract with Mr. J. P. Bohannon.

"Copy of contract by and between Burford Oil Company and J. P. Bohannon is attached hereto."

The company by that letter does not assume the obligations of the contract between Bohanhon and Jefferies so as to become liable along with Bohannon for its fulfillment. Whatever character of contract or obligation was created by that letter, it was separate and distinct from the Bohannon-Jefferies contract, declared upon by the plaintiff, and an examination of the controverting affidavit, as well as the plaintiff's petition, discloses that the plaintiff's suit is not based upon the contract essentially evidenced by the letter. That letter evidences an independent undertaking on the part of the oil company to supply Jefferies with the gasoline he was entitled to under his contract with Bohannon in the event of the failure of Bohannon to comply with the terms of said contract. Further, the contract between Bohannon and Jefferies does not purport to bind the oil company. The parties to that contract recognized Bohannon's inability to so bind the company, for Jefferies, before entering into his contract with Bohannon, made a trip to Pecos and there obtained from the oil company an assurance that, if he was unable to obtain from Bohannon the supply of gasoline contemplated by the Bohannon-Jefferies contract, the oil company would, as an independent undertaking, supply the same. Such is the understanding evidenced by the foregoing letter.

Therefore, the appellee having failed to show that the appellant was a party to the Bohannon-Jefferies contract, or ever assumed its obligation, the first proposition must be sustained.

■ The venue cannot be maintained in Taylor county on the ground that the corporation defendant had an agent in that county. As above held, Bohannon was not the ap-

pellant's agent, and if it be conceded that Bohannon was at any time the agent of the company for any purpose in that county, the uncontradicted facts disclose that he was not their agent for any purpose at the time the suit was filed. He had been discharged prior to that date. Article 1995, subd. 23, R. S. The record discloses that at the time the plaintiff Jefferies brought the suit (February 10, 1932), the Burford Oil Company had terminated its contract with Bohannon, who, for such breach, sued the company in August, 1930, and settled with it on the basis of his original contract with the company.

Venue cannot be maintained in Taylor county upon the ground that the Burford Oil Company was a private corporation, and the cause of action or a part thereof arose in that county. As shown, the Burford Oil Company was not originally and never became a party to the Bohannon-Jefferies contract upon which the suit is based, and the controverting affidavit and the petition each disclose that the plaintiff did not attempt to sue on the independent contract, if any, created by the letter. The second proposition is sustained.

Neither can the venue be maintained in Taylor county under exception 4 (R. S. art. 1995, subd. 4), which provides if two or more defendants reside in different counties, suits may be brought in any county where one of the defendants resides. The suit is based on an alleged breach of a contract, and was brought jointly against the Burford Oil Company and Bohannon, and on the theory that it was a joint cause of action against both defendants, or one in which both could properly be joined to avoid a multiplicity of suits. Bohannon resides in Taylor county but no bona fide cause of action is shown against him, since he complied with his contract during its existence. In the contract of April 13, 1929, between himself and Jefferies, among other things, it was provided: "The said Bohannon has a contract with Burford Oil Company, dated the 4th day of February, 1929, a copy of which is attached to this contract for the purpose of reference, the said contract being a contract of purchase from Burford Oil Company of gasoline. The said Bohannon, under the terms of said contract, will sell in Abilene and vicinity and neighboring counties gasoline to retailers and jobbers. The said Bohannon agrees, *during the life of said contract*, (italics ours) to sell to the said Jefferies for his use and distribution the necessary gasoline for his needs in the above territory, and the said Jefferies agrees to buy from the said Bohannon gasoline necessary for his needs in said territory during the life of this contract."

The uncontroverted evidence is that Bohannon performed said contract with Jefferies during the life of his contract with the oil company, and he limited his duties and obligations to Jefferies to such contingency. After supplying the gasoline to Jefferies for five or six months, Bohannon's contract was terminated by the breach of the oil company, and Bohannon having supplied Jefferies with said product "during the life of said contract," it nowhere appears in this record that he at any time breached his contract with Jefferies, and as above shown no bona fide cause of action is made out against said defendants or either of them, which would authorize the maintenance of the suit in Taylor county under exception 4. Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S. W. 747; Padgett v. Lake Cisco Amusement Co. (Tex. Civ. App.) 54 S.W.(2d) 201.

We sustain assignment 3.

For the reasons assigned the judgment of the trial court is reversed, and it is the order of this court that the venue of the cause be changed from Taylor county to the proper district court of Dallas county, Tex.