### J. & C. DRILLING CO. v. CROW & PEASE.
#### No. 4011.

Court of Civil Appeals of Texas. El Paso.
Oct. 10, 1940.

Rehearing Denied Oct. 31, 1940.

ary commissions for such services in the event plaintiffs were successful in aiding them in obtaining such a contract or contracts.

Inasmuch as there is a controversy as to whether there was a contract between plaintiffs and defendant by which plaintiffs were to be paid for their services for procuring a contract or contracts for defendant, we state substantially the oral conversation between plaintiffs and defendant and the facts relating thereto as constituting the contract of employment upon which plaintiffs rely, and which were, in the main, undisputed.

Plaintiff Crow and his agent, Collins, took T. G. Benson and Frank W. Jones, of Refugio County, as prospective purchasers, to look at a farm in Nueces County which had been listed for sale with Crow & Pease. Benson and Jones owned all of the stock of the defendant corporation. While returning in their automobile from inspection of the farm, and while in Nueces County, the conversation turned to oil drilling operations in that vicinity. Collins remarked that a few days before Crow & Pease had been instrumental in turning an oil drilling contract to another contractor, and said in the conversation that it was too bad they had not thought of Benson and Jones. Benson replied: "Why didn't you call me up and tell me about it?" Crow replied: "We didn't think about you boys wanting a lease. I thought you were contracted up." Benson replied: "At any time anything like that comes up call us up. We will take care of you boys. And another thing, old man Bob at Aransas (Charles V. Bob, manager of the Buckingham Oil Company, with leases on properties at Aransas Pass) will have some drilling contracts. You can get us contracts up there, and I know you and Bob are close friends." Crow replied: "I don't know about the friend business, but believe we can get you contracts." Benson stated: "Go get them now and you get us in there and we will take care of you." Crow replied: "If there is anything going on like that I can get it for you, because I know Mr. Bob, and have just sold a block for him to drill." Benson replied: "We will depend on you."

Crow testified that shortly after the above conversation he saw Mr. Charles V. Bob, of the Buckingham Company, with reference to obtaining such contracts and recommended Benson and Jones, and that

# 301

Hobart Huson, of Refugio, for appellant.

Seale & Wood and Minor W. Pitts, Jr., all of Corpus Christi, for appellee.

WALTHALL, Justice.

This case presents an appeal from a judgment of the District Court of Nueces County overruling a plea of privilege by appellant to be sued in Refugio County, the county in which appellant, a private domestic corporation, has its principal office.

Plaintiffs, lawyers, brokers and dealers in land and mineral interests, brought this suit against defendant for commissions alleged to be due them under a contract for obtaining drilling contracts for defendant.

Defendant filed a plea of privilege, which was controverted, and upon the hearing the plea was overruled by the court on the ground that the cause of action, or a portion thereof, arose in the county of the suit.

Plaintiff's petition alleged, substantially, that in the latter part of 1936, defendant, a corporation, acting by and through its authorized agents, in Nueces County, Texas, specifically requested plaintiffs to procure for it, and to aid it in the procurement of, a drilling contract or contracts with the Buckingham Oil Company, agreeing to pay plaintiffs the usual and custom-

Bob asked that Benson and Jones come to Corpus Christi to discuss the matter. Crow called Benson and Jones over the telephone, and they came to his office in Corpus Christi the same day, and Bob came to Corpus Christi and there met Benson and Jones and the negotiations were begun which culminated in the making of the contracts between the Buckingham Oil Company and the J. & C. Drilling Company, whereby the defendant (appellant) contracted to drill nine wells for the Buckingham Oil Company. The contracts and the amount of money paid for each well appear in the evidence and the money paid for the drilling aggregates $246,637.70. We think we need not more fully state the details of the drilling contracts.

## Opinion

Appellant presents several assignments of error and propositions thereunder. There is such similarity in the several assignments and propositions that we think to state the several contentions made rather than discuss severally each of the assignments.

■ Appellant submits that appellees did not show a meritorious and bona fide cause of action, in that the evidence did not show a contract whereby appellant solicited the aid of the appellees in procuring the drilling contracts and agreed to pay them the usual commission for such service in the event such contracts were obtained; that it is not shown that Benson and Jones had authority to make such contract for appellant corporation; that it is not shown that appellee Crow was the procuring cause of the entering into the contract that was entered into between appellant and the Buckingham Oil Company.

We have stated above substantially the conversation between Benson and Jones and Crow and the action taken by the parties as suggested in the conversation which led up to the making of the contracts, and to the action of the parties in performing the several contracts.

We find nothing in the evidence to suggest that the parties were not acting in good faith, so we think the trial court, on the hearing of the plea, could so infer. The evidence, we think, shows a contract of employment.

The record shows that appellant is a private corporation, and appellant so admits in its brief.

■ The conversation between Benson and Jones and Crow evidencing the contract of employment having occurred in Nueces County, and also the contract between appellant and Mr. Bob, the cause of action being based upon the contract of employment, and that, or a part thereof, having occurred in Nueces County, it is unimportant as to venue, where the drilling under the contract was to be performed. Subdivision 23 of Article 1995, R.C.S.

■ Conceding that the conversation between Benson and Jones and Crow sufficiently states the elements of a contract of employment, we think it is not necessary for this court, in this proceeding, to determine the amount or the consideration appellant agreed to pay appellees for their services. The expressions used by Benson and Jones in the conversation with Crow which refer to the pay for the services they were to render in securing the drilling contracts are: "We will take care of you boys," and "Go get them (contracts) now and you get us in there and we will take care of you," show, we think, a definite specific promise to pay a consideration for the services to be rendered. "If you (appellees) get us in there," necessarily means that if appellees were instrumental in getting Mr. Bob to give Benson and Jones the drilling contracts, a money consideration would be due appellees for the services rendered.

We have stated elsewhere appellees' efforts and the result.

Appellees allege a demand for compensation and a refusal to pay any sum.

In its brief appellant admits that "J. & C. Drilling Company was a private domestic corporation, and that if appellees had a cause of action against appellant under the facts of the record in this case, that such cause, or a part thereof, arose in Nueces County," but deny that such cause existed under the evidence.

When Benson and Jones went to Corpus Christi to discuss the drilling contracts with Mr. Bob they decided to, and did, take the contracts in the name of the J. & C. Drilling Company, the evidence showing that they owned the stock of the corporation, and in fact were the company in the contract. Tex.Jur., Vol. 10, p. 651; Hall v. Crawford & Delphenis, Tex.Civ.App., 11 S.W.2d 804; Boston & Texas Corporation et al. v. Guarantee Life Ins. Co., Tex.

Civ.App., 233 S.W. 1022; Thompson on Corporations, Sec. 8043; Tex.Jur., Vol. 10, p. 364.

We think the above is all that is necessary or proper for us to consider on the question of venue.

We do not concur in appellant's apparent contention as to the meaning of the words used by Benson, "We will take care of you," etc., as meaning that he would take care of appellees, real estate brokers, dealing in lands, mineral leases and drilling contracts, at such time or in a manner as suited his own pleasure.

We say the above only in determining whether the parties had in mind the making of a business contract. We have concluded that the court could fairly conclude, as he did that a business contract was entered into with the intention to pay appellees for their services, in the event appellees secured the contracts the parties had in mind.

The case is affirmed.