**RUMBO et al. v. NIXON.**

No. 2882.

Court of Civil Appeals of Texas. Eastland.

June 29, 1951.

Rehearing Denied Sept. 7, 1951.

Letcher D. King, Abilene, Alfred M. Scott (on appeal only), Austin, for appellants.

McMahon, Springer Smart & Walter, Abilene, for appellee.

COLLINGS, Justice.

In suits which were consolidated in the trial court, appellants, Mrs. Ora Rumbo,

joined by her husband, and Guy Goza, a minor and his father, C. C. Goza, individually and as next friend, brought this action against appellee, Paul Nixon, owner and operator of the Texas Theatre in Abilene. Appellants sought damages for personal injuries alleged to have been inflicted on Mrs. Rumbo and Guy Goza, who were attending a picture show in appellee's theatre, when wet plaster fell on them from the north wall of said theatre. The case was tried before a jury and based upon its answers to special issues, the trial court entered judgment that appellants take nothing. From such judgment, this appeal is taken.

■ Appellants sought to recover on the theory of res ipsa loquitur; that is, that the accident happened; that appellants had no knowledge or way of knowing in what respect appellee was guilty of negligence in bringing about the accident; but that such accidents do not ordinarily occur except through negligence of those responsible for the premises; and that appellee was solely in control of and responsible for the condition of the walls in the theatre. In the alternative, appellants pleaded that appellee was guilty of specific acts of negligence in permitting water to seep into the plaster on the north wall from a cold air duct leading from the air conditioner and vented into the building in the north wall immediately at or above the water-logged plaster that fell. This latter theory, however, was not submitted to the jury, nor requested by appellants to be submitted and was, therefore, waived. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084.

In answer to appellants' pleadings, appellee alleged that the accident happened as a result of the drain spout on the building to the north of the Texas Theatre building having become stopped up through no fault of appellee and without the knowledge of appellee, and that such stoppage of the drain spout caused water to overflow against the north wall of the theatre building and to seep through the brick wall and plaster and caused the plaster to fall. Appellee also alleged that the accident was caused by the fact that previous to the tenancy of appellee in the Texas Theatre building, the plaster wall was repaired in a faulty and not good workman-like manner and without a proper binder upon which to apply the outer layer of plaster.

The case was submitted to the jury on the theory of res ipsa loquitur and in answer to issues submitted, the jury found: (1) that the fall of the plaster at the time in question was not due to negligence on the part of appellee; (2) that the fall of the plaster could have been caused by seepage of water through the north wall of the theatre building on account of an overflow of water from an adjoining building, or (3) by reason of failure to properly bind or seal the outer layer of plaster on the north wall of such theatre building at the time said outer layer was installed, which was prior to the time appellee had control of or management of such building. It was upon these findings that judgment for appellee was based.

Appellants' first point complains of the action of the trial court in overruling objections to the testimony of the witness J. L. Whitten, concerning an examination of the premises in question on May 13th which was one week after May 6, 1950, when the plaster fell and injured appellants. Complaint is also made of statements by Whitten that it had again been raining just prior to May 13th and that upon such examination, he found that the wall was damp at the same place where the plaster had fallen before and that upon examination of the roof of the theatre building, he discovered that the water spout to the building next door and north of the theatre building had filled up and caused water to "gush over and beat against the side of the Texas Theatre."

■ We cannot agree with the contention that the admission of this testimony was error. Appellants' pleadings urged that appellee was liable under the theory of res ipsa loquitur and evidence was introduced in support of this theory. It was appellants' contention that appellee was in control of the premises; that the accident in question would not ordinarily happen except through his negligence, and that it should, therefore, be presumed that appellee was guilty of negligence. Under such circumstances, appellee had the right

to rebut this presumption. He had the right to introduce evidence which showed or tended to show that the accident in question could have been caused by something other than the assumed fact of his negligence. Circumstantial as well as direct evidence was admissible on such fact issue.

■ As a general rule, proof of the existence of a condition or state of facts does not raise a presumption that the same condition or facts existed at a prior date. This rule, however, is not without exception and the evidence here in question comes within the exception. The obstructed water spout from which water overflowed over and against the north wall of appellee's theatre building was a plausible explanation for the presence of water on the inside of such wall. In our opinion, the fact that such water spout was filled up and obstructed on May 13, 1950, so that water "would gush over and beat against the side of the Texas Theatre," causing the inside wall of such theatre to be damp and wet at the same place from which plaster had fallen on May 6th, was admissible for consideration by the jury in determining whether the same condition existed on the prior date and was the cause of the falling plaster and resulting damage to appellants. Ross v. Green, 135 Tex. 103, 139 S.W.2d 565; Ralls v. Parish, Tex.Civ. App., 151 S.W. 1089, 1091; State v. Macken, Tex.Civ.App., 162 S.W. 1160, 1162, Writ Ref.; 31 C.J.S., Evidence, § 140, page 790.

■■ Appellants contend in their second point that the case was submitted to the jury upon a fundamentally erroneous theory and in support of this proposition, urge various objections to the issues submitted in the court's charge, and the answers of the jury thereto. We will not discuss most of the contentions urged in support of this proposition for the reason that they are presented for the first time on this appeal and cannot be considered. Special issue No. 1 which inquired about the negligence of appellee in the falling of the plaster was appellants' issue as

plaintiffs in the trial court, and in the absence of objection, was sufficient submission of appellants' theory of the case. Appellants made no objection to this issue and made no request that the issue of appellee's negligence be submitted in any different manner. They cannot now complain of the manner of such submission.

■ Appellants complain of special issues Nos. 3 and 4 which inquire (3) if the falling of the plaster could have been caused by seepage of water through the north wall of the building on account of overflow from an adjoining building, and (4) if the falling of such plaster could have been caused by reason of failure to properly bind or seal the outer layer of plaster on the north wall of the theatre building at the time said outer layer was installed, prior to the time appellee had control of such building. The objections urged by appellants to the trial court concerning these issues, which are the only objections we are at liberty to consider, were in effect that such issues were on the weight of the evidence and that there was no evidence to support them. The issues were not subject to the objections made. Neither can we agree with appellants' contention that such issues were immaterial and irrelevant. The question of whether some fact or condition other than negligence on the part of appellee could have caused the accident was most material to appellants' right to recover. Their right to recover under the pleadings and evidence in this case depended upon a fact finding that appellee's negligence and not some other fact or condition, caused the accident. Johnson v. Texas & Pacific Ry. Co., Tex.Civ.App., 117 S.W.2d 864; Texas & Pacific Coal Co. v. Kowsikowsiki, 103 Tex. 173, 125 S.W. 3; Davis v. Castile, Tex.Com.App., 257 S.W. 870; St Louis, S. F. & T. Ry. Co. v. Cason, 59 Tex.Civ.App. 323, 129 S.W. 394.

We have carefully examined the record and find no reversible error.

The judgment of the trial court is in all things affirmed.