## BRICE v. EDWARDS.

No. 14677.

Court of Civil Appeals of Texas. Dallas.
July 3, 1953.

Rehearing Denied July 24, 1953.

Sanders, Lefkowitz & Green, Dallas, for appellant.

Farley Reasonover and Eldon R. Vaughan, Dallas, for appellee.

CRAMER, Justice.

Appellant Brice, as temporary administrator of the estate of W. M. Moore, deceased, instituted this suit against appellee Edwards and the Woodmen of the World Life Insurance Society to recover the proceeds due under a benefit certificate dated February 23, 1932, issued by the society to W. M. Moore, now deceased. The benefit society impleaded Brice and Edwards and tendered into court $1,041, and, after it was allowed $150 out of such proceeds as attorney's fee, was discharged by the court without costs. Thereafter, on a non-jury trial, judgment for the balance in the registry of the court was awarded appellee Moore. Brice, as temporary administrator, has duly perfected this appeal from such judgment. The undisputed evidence shows that the policy as originally issued named a son of the deceased as beneficiary and that thereafter the insured, on May 21, 1951,

executed and delivered to the Society a request for change of beneficiary, naming appellee Edwards, a niece, as the new beneficiary. On May 24, 1951, a notation thereof was endorsed on the policy. Insured, Moore, died in November 1951, in Dallas County.

Appellant Brice briefs two points, in substance: Error (1) in rendering judgment for Edwards since there is a total absence of evidence as to the constitution, laws, and by-laws of the insuring Society, particularly with reference to the qualification of Edwards, a niece, as a beneficiary at the time the certificate was issued to insured; and (2) in rendering judgment for Edwards since the uncontroverted evidence shows she was a niece of deceased insured and therefore without an insurable interest in the life of Moore, the insured. The two points will be considered together.

The constitution, laws, and by-laws, as of the date of the issuance of the policy, are not in evidence. However there is in evidence the constitution, laws and by-laws of the insurance Society as of its June 1949, and its July 1951 Sessions, each showing such members or beneficiaries as are entitled to be members and beneficiaries under the policy, to wit: any one "not prohibited by the statutes governing fraternal benefit societies in the state in which the applicant resided at the time the benefit certificate was issued" is entitled to be a beneficiary.

The first question is whether the niece could be a legal beneficiary at the time the policy was issued, and the second, whether the niece could be a beneficiary on the death of the insured (Moore, deceased) in November 1951, under the facts above recited.

At the time of the issuance of the policy, February 23, 1932, Art. 4831 V.A.C.S. (as amended in 1931) read as follows:·

"Any person may be admitted to beneficial, or general, or social membership in any society in such manner and upon such showing of eligibility as the laws of the society may provide, and any beneficial member may direct any benefit to be paid to such person or persons, entity, or interest as may

be permitted by the laws of the society; provided, that no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable in conformity with the provisions of the contract of membership, and the member shall have full right to change his beneficiary, or beneficiaries, in accordance with the laws, rules, and regulations of the society. Nothing contained in this Act shall be construed to affect or apply to societies which admit to membership only persons engaged in one or more hazardous occupations, in the same or similar lines of business."

The record is silent as to what the constitution, laws, and by-laws of the Society were on February 23, 1932. Can we presume that they were the same on February 23, 1932 as they were afterward proven to be in June 1949 and July 1951? As we understand the rule or presumption of continuity, it can act not only prospectively, but retrospectively, and in connection with its retrospective operation each case stands on its own peculiar facts. Ross v. Green, 135 Tex. 103, 139 S.W.2d 565, 572 and Rumbo v. Nixon, Tex.Civ.App., 241 S.W.2d 983, where the Ross v. Green case as well as other cases are cited. The opinion in Ross v. Green was by the Commission of Appeals but was expressly adopted by our Supreme Court.

The court in such case stated with reference to whether an inference either prospective or retrospective is overcome, once raised, and as to whether it becomes a question of law, as follows:

"Ordinarily, whether an inference has been overcome is a question for the trier of the facts. Of course when the evidence is of such character that only one reasonable deduction can be drawn from it the court may so declare as a matter of law."

The trial court by his judgment here impliedly found (since no findings of fact were filed) that the constitution, laws, and by-laws of the society were the same at the times involved here as they were at the time of the issuance of the certificate in question.

We therefore hold that the trial court's judgment, based on the retrospective presumption of continuity present here, was proper and is sustained by the evidence.

The second question must also be answered in the affirmative. The rights of a beneficiary with a legal insurable interest at the time the policy was issued accrue only upon the death of the member, Arts. 4832 and 4834, V.A.C.S.; and became due and payable to the named beneficiary at the time of the insured's death, she being also at that time eligible under Art. 4831 R.C.S., as amended in 1951 and as it now appears in Art. 10.12 V.A.T.S. Ins. Code; there being but one word of the statute, Art. 4831, changed by the Code, to wit, the word "Act" has been changed to "Chapter" in the last paragraph. Appellee, a niece, being eligible as a beneficiary both at the time of the issuance of the policy, and at the time of the death of the deceased insured member, was entitled to the benefits under the policy.

Finding no error in the court's judgment, it is affirmed.