Jack C. CLEMENT, Appellant,

v.

J. S. McNIEL, Appellee.

No. 3663.

Court of Civil Appeals of Texas.

Waco.

Oct. 29, 1959.

William G. Washington, Austin, Shields, Jones, Whittington & Chandler, Dallas, for appellant.

Lloyd W. Westerlage, Dallas, for appellee.

McDONALD, Chief Justice.

This is a venue case. McNiel, plaintiff, sued Clement, defendant, in Kaufman County, for damages as a result of an automobile collision, alleging that defendant was guilty of certain acts of negligence. Defendant Clement filed his plea of privilege to be sued in Potter County, the county of his residence. Plaintiff McNiel controverted such plea and sought to hold venue in Kaufman County under subdivision 9a of Article 1995, Vernon's Ann.Civ.Tex.St. Upon hearing the Trial Court overruled defendant's plea of privilege. Defendant

appeals contending that the Trial Court erred in overruling his plea of privilege because plaintiff failed to prove that the collision occurred in Kaufman County, Texas. Plaintiff McNiel was the only witness. Plaintiff McNiel testified that "the accident took place in Terrell, Texas, on highway 80." (Plaintiff further testified to acts of negligence on defendant's part and to his damages.) At no place did plaintiff testify that Terrell was in Kaufman County, or that the collision occurred in Kaufman County. As noted, the Trial Court overruled defendant's plea of privilege, taking judicial knowledge of the fact that the city of Terrell is located in Kaufman County, Texas. Defendant asserts that the sole question presented to this court is whether or not the District Court of Kaufman County was entitled to take judicial knowledge of the fact that the city of Terrell was located in Kaufman County.

Courts may take judicial notice or knowledge of the location of a town where it is the county seat of such county, *or where its situation has been recognized by the public statutes of the state.* 17 Tex. Jur. Sec. 17, p. 186; McCormick & Ray Evidence, Sec. 193, p. 221. Article 3185(c), V.A.T.S. provides that the North Texas Hospital for the Insane *"which is located at Terrell in Kaufman County, Texas,"* shall be known as the Terrell State Hospital. It follows that the District Court of Kaufman County could properly take judicial notice that the city of Terrell is located in Kaufman County.

Further to the foregoing, the theory of judicial notice is that if a fact is so notorious, or its existence so easily ascertainable that proof of such fact will not be required. There are certain facts of which a court must take judicial notice. There are other facts which a court, within the exercise of its discretion, may take judicial notice. In the application of the principles of judicial notice the courts reflect the stage of civilization and progress of the people. Facts of which proof was required yesterday may today be so well recognized that a court is authorized in its discretion to notice them. See 1 McCormick & Ray Evidence, p. 174. In the instant case the Trial Judge, in the exercise of his discretion, did take judicial knowledge that Terrell was located in Kaufman County. Even without the existence of the statute (Article 3185, V.A.T.S.), we think that the Trial Court could properly, within his discretion, take judicial knowledge of the county in which the city of Terrell was located. In Smith v. Conner, Tex.Civ.App., 211 S.W.2d 630 (no writ hist.) the Galveston Court held that the trial court may take judicial knowledge that the town of Katy (not a county seat) is located in Harris County; and in American Empire Life Ins. Co. v. Hakim, Tex.Civ. App., 312 S.W.2d 739 (no writ hist.) the El Paso Court held that judicial notice can be taken that Canutillo (not the county seat) is located in El Paso County. We think that our stage of civilization and the progress of our people has come to the point where a trial court can, within its discretion, take judicial knowledge of the county in which a town (not the county seat) is located. This is especially true where the matter is not in controversy and such is notorious with all concerned.

The judgment of the Trial Court is affirmed.