**BROWN EXPRESS COMPANY et al., Appellants,**

v.

**Roger G. DIECKMAN, Appellee.**

**No. 10828.**

Court of Civil Appeals of Texas.

Austin.

March 8, 1961.

Touchstone, Bernays & Johnston, Charles C. Sorrells, Dallas, Camp & Camp, Cameron, for appellants.

Leonard Allen, Rockdale, Jack W. Prescott, Cameron, for appellee.

GRAY, Justice.

This appeal is from a judgment overruling appellants' pleas of privilege.

Appellee, Roger G. Dieckman, filed suit in Milam County against appellants, Brown Express Company and Elwood Vaughn, to recover damages for personal injuries and for property damage sustained in an automobile-truck collision. He alleged that Brown Express Company was a Texas Corporation with its principal office and place of business in San Antonio, Bexar County, Texas and that Elwood Vaughn was a resident of Garland in Dallas County.

For his cause of action appellee alleged that in the early morning of May 23, 1959 he was driving his automobile in a northerly direction along U. S. Highway 77 about two and one-half miles south of Rockdale in Milam County when he was in a collision with a truck owned by Brown Express Company and driven by Elwood Vaughn, an employee of Brown Express Company. He alleged that the said truck was being driven in a southerly direction along said highway and that it was driven to the left side of the center line in said highway and that the trailer portion of said truck struck the front end of his automobile. He alleged that the driver of the truck was negligent in twelve alleged acts or omissions and that each was a proximate cause of his injuries and damages for which he prayed judgment for stated amounts.

The defendants filed separate pleas of privilege to be sued in the county of their respective residence. The pleas of privilege were controverted, a nonjury trial was had and both pleas were overruled.

Appellee testified that he lived in Rockdale; that in the early morning of May 23, 1959 he was driving his automobile north on Highway 77; that he was driving at about 40 miles per hour with his lights on the low beam and on his own proper right hand side of said highway; that the highway was wet from rain; that as he was rounding a curve he drove to his right at the edge of the pavement; that at that time he saw an approaching vehicle, which he later learned was a truck; that its lights were very bright and that the front part of the truck passed but the trailer portion of it collided with his automobile causing

personal injuries to him and damages to his automobile. He testified:

"Q. Directing your attention to the morning of May 23, 1959, immediately preceding the collision that the testimony which you have heard here has been about, would you state to the Court where you were going immediately preceding the collision in question? A. Well, I had started home, to take the other boy home and I was going straight on home myself.

"Q. What direction were you traveling and on which highway were you traveling? A. I was going north on 77 toward Rockdale.

"Q. That is US 77 South of Rockdale? A. South of Rockdale, I was going to Rockdale.

"Q. Is that in Milam County, Texas? A. Yes, sir."

A highway patrolman who investigated the collision soon after its occurrence testified that Elwood Vaughn was the driver of the truck; that the truck left five gash marks in the pavement with which together with other marks found on the truck and appellee's automobile he was able to locate the point of impact of the two vehicles and said such point of impact was on appellee's proper side of the double stripe in the center of the highway. He was asked and testified:

"Q. Would you tell the Court please sir the exact location of that collision with reference to Rockdale? A. On US 77 approximately 9/10 of a mile south of the city limits of Rockdale."

J. E. Edwards testified that he was a general freight agent for Brown Express Company in Cameron; that he picked up and delivered freight on a commission basis, and that Brown Express Company called him "a commissioned agent."

The only evidence offered by appellants was their cross examination of some of appellee's witnesses. They did not call any witness of their own and did not cross examine the witness Edwards.

At the time the case was called for trial, the parties announced ready, the trial court stated he had read the pleadings and asked the parties if there was anything special they wanted to emphasize. Thereupon appellee's attorney stated:

"Well, I'd merely state Your Honor that this is a hearing on the Plea of Privilege and for Controverting Plea the Plaintiff has filed stating that under the provisions of Subdivision 9A which is the negligence provision of Article 1995 and Subdivision 23 of Article 1995 which is a corporation provision where plaintiff resides in the county and the defendant has an agency in the county we have set up those two exceptions as grounds for sustaining venue in this cause in this Court. That is the issue on which we will go to trial on this morning."

The above subdivisions of Art. 1995 were cited in appellee's controverting affidavit.

We will first discuss venue as to appellant Brown Express Company.

■ The witness Edwards testified that he was the company's agent in Cameron. His testimony was given at the trial and was admissible. 2 Tex.Jur.2d Sec. 277, p. 748. The fact that his testimony was not disputed or rebutted adds probative force to it. 17 Tex.Jur. Sec. 87, p. 306. Brown Express Company does not appear to dispute this holding but says that Edwards only said that he was agent at the time of the trial and did not say he was such agent at the time of the collision and that therefore the provisions of Exception 23 of Art. 1995, Vernon's Ann.Civ.St., were not met. That exception in part provides:

"Suits against a private corporation, * * * may be brought * * * in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part there-

of arose, provided such corporation, association or company *has* an agency or representative in such county; * * *"

■■ Appellee testified that he resided in Rockdale and that Rockdale is in Milam County. Edwards said he was agent at Cameron. The trial court and we judicially know that Cameron is the county seat of Milam County. Authorities later cited. The exception supra uses the word "has" an agent. This has been interpreted to mean "has" an agent at the time the suit is filed. City Drug Stores of Amarillo v. Hutson, Tex.Civ.App., 121 S.W.2d 428; Burford Oil Co. v. Jefferies, Tex.Civ.App., 59 S.W.2d 293, Er. Dism.

■ The suit was filed March 2, 1960 and the trial was had May 27, 1960 at which time Edwards said he was agent. This was a fact or circumstance entitled to consideration by the trial court in deciding whether the agency existed on March 2, 1960, at the time the suit was filed. It is not the absolute rule that proof of an existing condition operates only prospectively. Ross v. Green, 135 Tex. 103, 139 S.W.2d 565, 570; Brice v. Edwards, Tex.Civ.App., 260 S.W.2d 132, Er. ref., n. r. e.

The proof before us shows that appellee resides in Milam County; that at the time the suit was filed Brown Express Company had an agent in that county, and that appellee's cause of action arose there. (This last statement is later considered.) The only evidence in the record that in any way makes Brown Express Company responsible for the alleged negligence of Elwood Vaughn is that of the highway patrolman who said Vaughn told him he was driving the truck and who was then asked and testified:

"Q. Did you observe the vehicle that he had been driving? A. Yes, sir.

"Q. Did this vehicle have any signs on it? A. I can't say for sure.

"Q. You can't say for sure? A. No, sir.

"Q. Did he state to you at that time who he was working for at the time this collision occurred? A. Yes, sir, he advised me he was driving for the Brown Express.

"Q. Sir? A. He advised he was driving for Brown Express.

"Q. Brown Express? A. Yes, sir."

■ Clearly the above evidence was not competent to prove the existence of the agency of Vaughn. 2 Tex.Jur.2d Sec. 266, p. 726.

■ In the absence of proof that Elwood Vaughn, the driver of the truck, was acting as the agent or employee of Brown Express Company, that being the only cause in any manner alleged or attempted to be proved, a cause of action against that company is not shown to have arisen. Having failed to prove this essential element of venue appellee did not sustain his burden of proof. Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63; Lloyds Casualty Insurer v. McCrary, 149 Tex. 172, 229 S.W.2d 605. This requires a reversal of the judgment as to Brown Express Company. In the respect just mentioned it is apparent that the case has not been fully developed, and further the statement of appellee's attorney made at the beginning of the trial, above quoted, suggests that the case was not tried with the view that it was necessary to show that a cause of action against Brown Express Company arose in Milam County. For these reasons it must be remanded. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458.

We will now consider the question of venue as to appellant, Elwood Vaughn.

■■ The proof shows that he was the driver of the truck; that he drove it across the center line of the highway and, though appellee was driving along the edge of the pavement on his own proper right hand

side of the highway, the truck collided with his automobile, and that injuries and damages resulted. Thus an act or omission of negligence on the part of the driver is shown which was a proximate cause of appellee's injuries and damage. The remaining issue then is: Does the proof show that the act or omission of negligence occurred in Milam County? There is testimony (highway patrolman) that the collision occurred one eighth of a mile south from the city limits of Rockdale. Appellee testified that Rockdale is in Milam County. The fact that the collision did or did not occur in Milam County was "a matter so easily ascertainable that proof of such fact will not be required" and the trial court could take judicial notice that the place of its occurrence was in Milam County. Clement v. McNiel, Tex.Civ.App., 328 S.W.2d 823. In Smith v. Conner, Tex.Civ.App., 211 S.W.2d 630, 632, the court said:

"As concerns the claim that the collision, which if negligently caused by the appellant's agent, as so conceded by him, was a trespass, did not happen within Harris County, there is little to be disposed of; there was ample evidence to support—indeed, to compel—a finding upon the trial court's part that the accident did happen well within Harris County, about two miles east of the town of Katy, Texas, which town itself lay upon the western border of the County; in fact, the Court may take judicial knowledge that at Highway 90, where this accident occurred, the western boundary line of Harris County is the Town of Katy. Fidelity & Cas. Co. v. Branton, Tex.Civ.App., 70 S.W.2d 780, 789; McGill v. State, 25 Tex.App. 499, 8 S.W. 661, 669."

In American Empire Life Ins. Co. v. Hakim, Tex.Civ.App., 312 S.W.2d 739, the court took judicial notice that Canutillo was in El Paso County.

In Hughes v. Adams, 55 Tex.Civ.App. 197, 119 S.W. 134, 136, the court said that "Independently of the allegations of the petition, the court will take judicial notice of the boundaries of Jasper county, and of its geographical shape." In 20 Am.Jur. Sec. 52, pp. 76–77, it is said that: "A court may determine, from its knowledge of the boundaries of a county, that a point a certain distance from a place named in a county is within that county." Also see McCormick & Ray, Texas Law of Evidence, 2d Ed. Sec. 195, and 35 Texas Law Review, p. 731.

The trial court overruled the pleas of privilege and by doing so we must presume he judicially noticed that the place the collision occurred was in Milam County otherwise he would have sustained the pleas. Fairall v. Sutphen, Tex.Civ.App., 296 S.W.2d 309, supports rather than refutes the authority of the trial court to judicially notice that the collision occurred in Milam County.

It may be observed that there is sometimes a distinction made between mandatory and discretionary judicial notice. Here we think that distinction is not material since in any event the trial court by overruling the pleas of privilege found that the collision occurred in Milam County. The authorities supra support his action and no proof of that issue is necessary. We conclude therefore that venue as to appellant Elwood Vaughn under exception 9a is shown and the judgment of the trial court overruling his plea of privilege is affirmed.

For the reasons already stated the judgment of the trial court overruling appellant Brown Express Company's plea of privilege is reversed and the cause as to it is remanded.

Affirmed in part and in part reversed and remanded.

HUGHES, Justice (concurring).

In my opinion the testimony of appellee, quoted in the Court's opinion, that he was going north on U. S. Highway 77 "south of

Rockdale," and when asked "Is that in Milam County, Texas" answered "yes, sir," refers to the locale of the collision and not to the county in which Rockdale was located.

I do not agree that proof, by some competent means, was not required to show the collision occurred in Milam County; and I do not reach the question of judicial notice.