**Gil GRAY et al., Appellants,**

v.

**Boyd M. ARMSTRONG, Appellee.**

No. 16090.

Court of Civil Appeals of Texas.

Dallas.

Dec. 14, 1962.

Rehearing Denied Jan. 18, 1963.

Touchstone, Bernays & Johnston, and Webber W. Beall, Jr., Dallas, for appellants.

Gillespie, Gillespie & Robinson, Charles B. Robinson, Sherman, for appellee.

DIXON, Chief Justice.

Gil Gray and Gil Gray Circus have appealed from an order overruling their pleas of privilege whereby they sought to have this cause transferred from Grayson County to Dallas County for trial.

Appellee Boyd Armstrong sued appellants and Ed Martin for damages because of personal injuries sustained in a collision in Grayson County between a large trailer truck alleged to be owned by appellants and a pickup truck operated by appellee. Appellants reside in Dallas County. Nevertheless appellee contends venue properly lies in Grayson County under subd. 9a of Art. 1995, Vernon's Ann.Civ.St.

The statute provides that a suit based on negligence may be brought in the county where the act of negligence occurred. Plaintiff in order to invoke the Statute must establish by a preponderance of the evidence that (1) an act of negligence occurred in the county where suit was filed; (2) such act was that of the defendant in person or his servant, agent, or representative acting within the scope of his employment; and (3) such negligence was a proximate cause of plaintiff's injuries.

Appellants' four points on appeal may be boiled down to two contentions; that the trial court erred in overruling their objections to the testimony of Police Officer Bob-

by Lee Bell regarding ownership of the truck and for whom operated; and that the court erred in overruling the objections of Gil Gray Circus to appellee's request for admission and Gil Gray's answers thereto as evidence against Gil Gray Circus.

The evidence shows that appellee Boyd M. Armstrong was driving a motor vehicle in the City of Sherman, Texas. He had stopped at an intersection because of a red traffic signal. While stationary his vehicle was struck from the rear by a large trailer truck which was transporting elephants— or at least one elephant. In a statement made within a few minutes of the collision Ed Martin, driver of the trailer truck, said that he attempted to stop, but his brakes failed to hold and he ran into the back of Armstrong's pickup truck. Armstrong testified that he sustained injuries to his neck and back.

█ The testimony of which appellants complain was given by Bobby Lee Bell, a police officer for the City of Sherman. Bell testified that Ed Martin, driver of the trailer truck, stated to him that the trailer truck was owned by Gil Gray Circus. Appellants objected on the ground that the testimony was hearsay. Appellee contends that the court properly overruled appellants' objection because admissible evidence shows that Bell arrived at the scene a few minutes after the collision, therefore, the statement of Martin is part of the res gestae.

█ We agree with appellants. The ownership of the trailer truck and for whom operated did not tend to explain in the least how or why the collision occurred, hence is no part of the res gestae. It is hearsay and has no probative value. Moreover, the fact of agency cannot be proved by declarations of an agent. Brown Express Co. v. Dieckman, Tex.Civ.App., 344 S.W.2d 501; Hill v. Moore, Tex.Civ.App., 278 S.W.2d 472, 480; Empire Gas & Fuel Co. v. Muegge, 135 Tex. 520, 143 S.W.2d 763, 769; Lewis v. J. P. Word Transfer Co., Tex.Civ.App., 119 S.W.2d 106, 108. We sustain appellants' third point on appeal.

Appellee filed requests for admissions directed to defendant Gil Gray. The latter admitted that on March 27, 1959, he was the owner and operator of a business known as Gil Gray Circus, and that he owned an interest therein; his mailing address or the business address of Gil Gray Circus was 1612 S. Augustine Drive, Dallas, Texas; on March 27, 1959, Gil Gray Circus had title to certain trucks or at least one truck, used in the operation of said business; it was probably true that on March 27, 1959, he owned or had under his supervision a certain 1958 G.M.C. truck bearing Nebraska license tag No. 35–162, but that he had insufficient information to admit or deny the request; it was probably true that on said date Gil Gray Circus had title to the 1958 Model G.M.C. truck bearing Nebraska license tag No. 35–162, but that he had insufficient information to admit or deny the request; on said date Ed Martin was an employee of Gil Gray Circus; Ed Martin had as his duty as an employee of Gil Gray, or an employee of Gil Gray Circus that of driving a truck; on March 27, 1959, Ed Martin, as Gil Gray's employee, or as an employee of Gil Gray Circus, departed from Dallas in Gil Gray's truck, or in a truck owned by Gil Gray Circus, with a load of Circus animals.

With reference to nine requests in regard to details as to how the collision occurred, Gil Gray answered that he had insufficient information to admit or deny the requests.

█ It is significant that Gil Gray in answer to one question admitted that he was the owner and operator of a business known as Gil Gray Circus. True in answer to another request he gave a conflicting answer: he denied that the business known as Gil Gray Circus was not incorporated. In the face of these conflicting statements by the same witness, it was for the court, acting as the fact finder in this case, to resolve the conflict. Ford v. Panhandle & Santa Fe Ry. Co., 151 Tex. 538, 252 S.W.2d 561, 563; Durham v. I. C. T. Ins. Co., Tex. Civ.App., 283 S.W.2d 413, 415; Lynch Oil

Co. v. Shepard, Tex.Civ.App., 242 S.W.2d 217. Since the court rendered judgment in favor of appellee Armstrong we must presume that fact issues were found in such way as to support the judgment.

■ In some instances Gil Gray's answers are evasive. For instance, he was asked to admit that on March 27, 1959 he owned or had in his possession and control certain trucks or at least one truck used in the operation of Gil Gray Circus. To this he answered that the question was so confusing and multifarious that it could not truthfully be admitted or denied. Also he said it was probably true that on March 27, 1959, he owned or had under his supervision and control a certain 1958 Model G.M.C. truck bearing Nebraska license tag No. 35-162, but he had not sufficient information to admit or deny it. In each instance we think his response is so evasive as to amount to a failure to answer, and should be taken as confessed against him. Montgomery v. Gibbens, Tex.Civ.App., 245 S.W.2d 311, 315; Taylor v. Owen, Tex.Civ.App., 290 S.W.2d 771, 776; McPeak v. Texas Department of Public Safety, Tex.Civ.App., 346 S.W.2d 138, 140–141; Rule 169 Texas Rules of Civil Procedure.

■ Appellee Armstrong testified as to how the collision occurred and that he sustained injuries as a result. There is admissible testimony that Ed Martin was driving the trailer truck. Bobby Lee Bell, the police officer, testified that the trailer truck bore Nebraska license tag No. 35–162 and was a 1958 Model G.M.C. truck and that it had defective brakes. Even if we exclude the inadmissible testimony of Bell in regard to agency, the other testimony and the admissions made by Gil Gray in answering appellee's requests for admissions meet the requirements of subd. 9a of Art. 1995, V.A.C.S., and support the court's judgment overruling appellants' pleas of privilege.

Appellants' first, second and fourth points on appeal are overruled.

The judgment of the trial court is affirmed.

YOUNG, J., not sitting.

On Rehearing.

Appellants Gil Gray and Gil Gray Circus in a motion for rehearing assert that we erred in holding that there was a conflict between Gil Gray's answers to appellee's request for admissions Nos. 2 and 4; and that we erred in holding that the answers of appellant Gil Gray were binding on Gil Gray Circus.

Appellants say in effect that a corporation may be owned and operated by an individual, therefore when Gil Gray answered that he owned and operated Gil Gray Circus his answer is not necessarily in conflict with his later answer that Gil Gray Circus is a corporation.

We see no merit in appellants' argument for two reasons:

(1) We find no evidence in the record, other than Gil Gray's answer No. 2, which, according to appellant, could possibly be interpreted to mean that Gil Gray owned all the shares of stock in a corporation styled Gil Gray Circus.

(2) If we give Gil Gray's answer No. 2 the interpretation for which appellants contend, we must then hold that Gil Gray Circus, a corporation, is but the alter ego of Gil Gray, an individual. In that event we must then further hold that the acts of Gil Gray are binding on Gil Gray Circus, a corporation. Bayou Drilling Company v. Baillio, Tex.Civ.App., 312 S.W.2d 705; Gil v. Smith, Tex.Civ.App., 233 S.W.2d 223; J. & C. Drilling Company v. Crow & Pease, Tex.Civ.App., 144 S.W.2d 300, 302; Toyaho Creek Irrig. Co. v. Hutchins, 21 Tex. Civ.App. 274, 52 S.W. 101.

The motion for rehearing is overruled.

BATEMAN, J., not sitting.