GULF STATES PAINT COMPANY, Appellant,

v.

KORNBLEE COMPANY, Inc., Appellee.

No. 7633.

Court of Civil Appeals of Texas.

Texarkana.

April 13, 1965.

Rehearing Denied May 18, 1965.

Sam Dawkins, Jr., Dallas, Eastham & Meyer, Houston, for appellant.

Ralph W. Currie, Muse, Currie & Kohen, Dallas, for appellee.

DAVIS, Justice.

Plaintiff-appellee, Kornblee Company, Inc., sued defendant-appellant, Gulf States Paint Company, Inc., for the breach of an alleged oral and written warranty on a roofing product manufactured by appellant. The case was tried before a jury. The jury answered the special issues that were submitted in favor of the appellee. Judgment was entered for the appellee for the sum of $6,924.95, plus $830.99 interest. The interest was probably calculated as being due from and after May 5, 1962. The trial court denied "job overhead costs" in the amount of $2,077.48. Appellant has perfected its appeal and brings forward six points of error.

### History

Appellee alleged that it commenced buying the roofing product upon which the suit

is based prior to September 28, 1959. The evidence showed that the appellee bought the roofing product from a man by the name of W. R. Johnson, who was doing business under an assumed name of: "Roofers Research Institute of San Antonio, Texas." Johnson purchased the roofing product from Modern Paint Company in San Antonio, Texas. Modern Paint Company purchased the roofing product from appellant, whose residence and place of business is Houston, Harris County, Texas. Appellee did not allege that Johnson was an agent of appellant. During the trial of the case, appellee attempted to prove that Johnson was the agent of appellant, but appellant timely objected thereto. Its objections were overruled and appellee attempted to prove circumstances that would make Johnson the agent of appellant. Appellant objected to the testimony on the ground that it was hearsay, and that you cannot prove an agency by the agent himself. The trial court was in error in admitting the testimony.

Appellee attempted to prove that Johnson, as agent of appellant, gave an oral warranty that the product was guaranteed for five years. This testimony was objected to and was inadmissible. Appellant did give appellee a written warranty on September 28, 1959. Omitting the heading and signature, the warranty reads as follows:

"We guarantee that your Polyvinyl Acetate Roof Coating (Fibrated) as manufactured by us under *your name of Kool Roof* will give a minimum of 5 years service and will not in itself crack, chip, peel or chalk off when applied over composition roofing, composition shingles, built-up roofs, including gravel and slag rock type, when applied according to directions as to proper thinning and application over properly prepared surfaces.

"We cannot take responsibility for application over previously coated surfaces such as mixtures of sand and cement and other foreign coatings or roofing that is shifting and cracking."

Appellant admitted the written warranty, but it denied the agency or any warranty prior to the date of the written warranty. It defended the case on the grounds that the roofing product was not applied according to directions, and as to proper thinning and application over properly prepared surfaces; and that it was not responsible for applications over previously coated surfaces, such as mixtures of sand and cement and other foreign coatings or roofing that is shifting and cracking. The appellant offered much evidence to show that the roofing product was not properly thinned and was not properly applied.

*Opinion*

By its first two points, the appellant takes the position that the trial court erred in failing to hold, as a matter of law, that W. R. Johnson was not an agent of appellant; and, there was no competent evidence before the court or the jury to show that Johnson was an agent of appellant. The trial court admitted much testimony by the witness A. A. Kornbleuh, President of Kornblee Company, Inc., as to certain statements that were made to Kornbleuh by Johnson, over the objections of appellant. The trial court improperly submitted issues to the jury on the theory that Johnson was the agent of appellant. The two special issues submitted by the trial court inquiring as to Johnson's authority read as follows:

"Do you find from a preponderance of the evidence that before plaintiff Kornblee Company, Inc. made its first purchase of materials manufactured by defendant Gulf States Paint Company, W. R. Johnson was authorized by the defendant Gulf States Paint Company to advise the plaintiff that such materials were guaranteed by the defendant for a minimum of five years, and that such guarantee in writing would be supplied plaintiff by the defendant Gulf States Paint Company?

"Do you find from a preponderance of the evidence that before plaintiff Kornblee Company, Inc. made the first purchase of materials manufactured by the defendant Gulf States Paint Company, W. R. Johnson did advise plaintiff Kornblee Company, Inc. that such materials were guaranteed by the defendant Gulf States Paint Company for a minimum of five years, and that such guarantee in writing would be supplied?"

An agency is ordinarily a relation created by an agreement between the parties. The relation must be a meeting of the minds in establishing the agency, and the consent of both the principal and the agent is necessary. There are cases where the consent may be implied rather than expressed. 3 Am.Jur. (2) 428 III, "Creation and Existence of Agency"; 2 T.J.2d 436 to 449; 3 Am.Jur.2d 428 to 433; 2 C.J.S. Agency § 1, p. 1023. There was no proof of any agreement between appellant and Johnson that would create an agency. There was no proof of any consideration paid by appellant to Johnson that would create an agency. 2 C.J.S. Agency § 19, p. 1043. There was no proof that Johnson was the implied agent of appellant. 2 C.J.S. Agency § 23, p. 1045. The statements that were testified to by Kornbleuh which were allegedly made by Johnson were inadmissible to prove the agency or the scope of the agent's authority. 2 T.J. 2d 728, Sec. 267; Minneapolis-Moline Company v. Purser (Tex.Civ.App.) 361 S.W.2d 239, W.R., N.R.E.; Gray v. Armstrong (Tex.Civ.App.) 364 S.W.2d 485, N.W.H.; Pharr v. Medaris Company (Tex.Civ.App.) 345 S.W.2d 428, N.W.H.; Archie Lacy Truck Lines v. Smith (Tex.Civ.App.) 350 S.W.2d 216, N.W.H. The points are sustained.

By its third and fourth points, appellant says the trial court erred in not holding that an oral five year warranty of Gulf States Products was within the statutes of frauds, Art. 3995, R.C.S., and un-

enforceable. If the oral agreement had been proved to have been made by appellant and later reduced to writing, this point would not be well taken. But in view of the evidence, there was no such proof, and under the record in this case, these points must be sustained.

By its fifth point, appellant says the trial court erred in refusing to submit issues to the jury as to the amount of damages to which the appellee was entitled. After the trial court had submitted its charge to the appellant, it objected and excepted to the charge. Along with the objections and exceptions, the appellant prepared and submitted two issues to the trial court to be submitted to the jury inquiring about the damages that the appellee had suffered. These special issues were refused by the trial court.

The trial court inserted the following sentence in its judgment: "During the trial of said cause the parties agreed that there was no issue of fact to be submitted to the jury respecting the amount of plaintiff's damages, since in this respect the testimony was uncontradicted and undisputed." A careful examination of the entire record in this case will show that no such agreement was entered into by appellant. The objections and exceptions were made to the court's charge and the special issues were submitted immediately before the court's charge was presented to the jury. Immediately after the jury had returned its verdict the appellant filed a motion for new trial in which he raised the same issues in the motion for new trial. The appellee takes the position that the agreement as inserted in the judgment probably satisfies the provisions of Rule 11, Texas Rules of Civil Procedure. Rule 11 reads as follows:

"No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."

Counsel for appellant did not approve the judgment, and it was not entered until more than 120 days after the date of the trial. The only witness to prove appellee's damages was the testimony of the witness Kornbleuh, an interested party. There was a conflict in the evidence, and as a matter of law, a verdict by the jury was essential. 56 T.J.2d 459, Sec. 208. The testimony of an interested witness requires that a special issue be submitted. 56 T.J. 2d 550, Sec. 210. In a recent decision relating to this point it was held that the refusal of the trial court to submit an issue on the construction cost of a building, it "was not in any way controverted or disputed", was error. Warlick Press, Inc. v. Lantex Construction Company (Tex.Civ.App.), 375 S.W.2d 349, N.W.H.; See, also, Jas. T. Taylor & Son, Inc., v. Arlington Independent School District, 160 Tex. 617, 335 S.W. 2d 371; Flack v. First Nat. Bank of Dalhart, 148 Tex. 495, 226 S.W.2d 628. The point is sustained.

By its sixth point, appellant says the trial court erred in allowing interest as damages when the claim of the appellee was for an unliquidated amount based upon a breach of contract. Actually, there was no pleading in the plaintiff's petition that would allow the court to grant such interest. The only thing that is said in the petition is: " * * * plaintiff have judgment against the defendant for its damages in the principal amount of $10,000.00, plus all cost of suit and interest to the extent permitted by law * * *." Interest, as damages, may be allowed on unliquidated demands whether arising out of breach of contract or from a tort. 17 T.J.2d 107, Sec. 28. In this case, there was no specific allegation of the date of the breach of the warranty. If the appellee had alleged the date of the breach of the warranty, the date of the breach of the warranty would have created an issue of fact to be submitted to the jury. Interest must be asked for specifically or be embraced in the aggregate amount as damages. 17 T.J.2d 266, Sec. 200. The point is sustained.

Appellee brings forward a cross-point where it says the trial court erred in refusing to award recovery for its "job overhead costs" incurred in doing the re-spray job. It takes the position that there are no Texas cases to support such recovery, and attempts to cite some out of State cases that will support its theory of the law. There is no specific pleading of any job overhead costs. The appellant objected to the same for that reason, and objected to it on the theory that there was no law in Texas that would permit such recovery. Under the facts as shown in this case, the appellee made the normal charges for the job re-sprays that it made on the original spraying jobs. The "job overhead" expense includes telephone, insurance, repairs to equipment, depreciation, salary, utilities, etc. The re-spray job did not increase such expense to the extent that the appellee could recover the same because such would constitute a double recovery. Appellee charged the same price for the re-spray job that it charged for the original spray jobs. There was no extra expense involved.

Appellant takes the position that the appellee is not entitled to present his cross-point of error because the appellee did not file a motion for new trial as required by Rule 324, R.C.P. It cites Wagner v. Foster, 161 Tex. 333, 337, 341 S.W.2d 887. Since the appellee complained of the trial court not entering a judgment for it for the specific amount, he is probably required to file a motion for new trial. In Arrington v. Paschall (Tex.Civ.App.), 352 S.W.2d 866, Judge Williams had this to say relative to a cross-point of error:

"Appellees' seventh cross-point reads: 'In the event the Court does not grant appellees a new trial for the reasons stated, then appellees would show that the answers of the jury were based upon misconduct and this cause should be remanded to the trial court so the trial court may then pass on a motion for new trial based upon jury misconduct.' We must sustain this cross-

point. Rule 324, T.R.C.P., as amended 1957; Hughes, Inc. v. Moran, Tex. Civ.App., 325 S.W.2d 829. The judgment is reversed and remanded to the trial court with instructions to render judgment for the defendants. After judgment is rendered the plaintiffs *may file a motion for new trial* based on jury misconduct, as requested in their seventh cross-point of error." (Emphasis added).

Whether or not the appellee is entitled to present his cross-point of error, he is not entitled to recover under the pleading in the case, or under the law. The cross-point is overruled.

The judgment of the trial court is reversed and the cause is remanded.